PHEND v. THE MILK CONTROL BOARD OF INDIANA.

[No. 26,886. Filed January 11, 1938. Rehearing
denied February 15, 1938.]

*Guy W. Dausman,* and *Howard R. Inebnit,* for appellant.

*Omer S. Jackson,* Attorney-General, *Joseph Hutchison,* Assistant Attorney-General, and *Charles G. Dailey,* and *Roland Obenchain,* for appellee.

HUGHES, J.—This was an action by appellee against the appellant in the Elkhart Circuit Court to recover a penalty and to enjoin appellant from continuing his business as a distributor, producer distributor, distributing broker, as defined in clause (f) of section 2, chapter 215, of the Acts of 1937, until and unless licensed under the provisions of chapter 281 of the Acts of 1935 as amended by chapter 215 of the Acts of 1937. The judgment rendered by the lower court was in favor of the appellee and from this judgment the appellant appeals.

The appellant assigns four errors as follows: (1) The court erred in sustaining appellee's demurrer to appellant's second paragraph of answer; (2) the court erred in sustaining appellee's demurrer to appellant's third paragraph of answer; (3) the court erred in sustaining appellee's demurrer to appellant's fourth para-

graph of answer; and (4) the court erred in overruling the appellant's motion for a new trial.

It is insisted by appellee that the appellant has waived each of the assigned errors for the reason that the appellant has not complied with the rules of this court in the preparation of his brief. We think the appellee is correct in this contention.

Rule 18, subdivision 6, provides:

> "The briefs shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on designated by number as in the original assignment of error and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon numbered as in the motion. Each assignment shall be supported by separately numbered propositions concisely stated without argument, and separately numbered or lettered points and authoritions. . . . assigned errors not treated as herein directed shall be deemed as waived.

There can be no question that the appellant either purposely or carelessly failed to comply with this rule. There is clearly no good faith effort to comply with it. The rule is clear and with little effort can be followed as directed. This court prefers to decide cases upon their merits and whenever possible will do so, but it must know what the appellant is attempting to present. It will not do for the appellant to present abstract propositions of law and then expect this court to ferret out the relief the appellant desires.

Under proposition "One" the appellant states:

> "The Courts have the power to declare laws unconstitutional. It is a duty which the courts in a proper case are not at liberty to decline."

As an abstract proposition of law this statement is true, but no application is made to any specific law or to any specific constitutional provision. The second proposition of appellant is:

"The 6th specification of the fourth paragraph of answer challenges the right to fix prices and the reasonableness of the statute."

If that could properly be said to relate to the 3rd assignment of error the answer would be that this question was fully discussed and decided against the contention of appellant in the following cases. *Albert* v. *Milk Control Bd.* (1936), 210 Ind. 283, 200 N. E. 688; *Nebbia* v. *N. Y.* (1934), 291 U. S. 502, 54 S. Ct. 505.

In view of the record in this case the judgment of the lower court must be affirmed.

Judgment affirmed.