GUISINGER *v.* STANDARD OIL COMPANY OF INDIANA.

[No. 16,267. Filed December 20, 1938.]

*Joseph P. Miller,* for appellant.

*Tinkham & Tinkham,* for appellee.

BRIDWELL, J.—Appellant filed with the Industrial Board an application for adjustment of his claim for

compensation against appellee. In due course, there was a finding and award by a majority of the members of the board, which denied the compensation sought. This appeal followed. The error properly assigned is—that the award is contrary to law.

The finding and award, omitting parts thereof which do not need to be considered in determining the questions presented by this appeal, are as follows:

"And the Full Industrial Board . . . now finds that on April 20, 1937, plaintiff herein suffered accidental injuries from which he has been disabled since the date thereof, and is so disabled at the time of this hearing. That plaintiff's average weekly wage was $18.80.

"And the Full Industrial Board further finds by a majority of its members that the accidental injury suffered by the plaintiff on April 20, 1937, did not arise out of nor was it in the course of his employment.

"It is further found that plaintiff was not performing any service for the defendant on April 20, 1937.

### "ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana by a majority of its members that the plaintiff shall take nothing by his complaint herein and that he shall pay the cost of this proceeding."

It is the contention of appellant that all facts necessary to be proven in order to entitle him to an award were proven "indisputably" either by stipulation of the parties, or by evidence that is not contradicted. In view of the contention made, we have carefully examined the record for the purpose of determining whether such contention should be upheld.

At the original hearing the parties entered into a stipulation as follows:

"It is stipulated and agreed by and between the parties that on April 20, 1937, the plaintiff was in the employ of the defendant at an average weekly

wage of $10.34; that on said date the plaintiff received an accidental injury; that the defendant had knowledge thereof, but did not furnish medical, hospital or surgical treatment, and prior to September 14, 1937, on which date plaintiff filed his Form 9 application, a good faith effort had been made between plaintiff and defendant to adjust their claim for compensation, but the parties disagreed."

In addition to the foregoing stipulation, there is uncontradicted evidence to prove facts which may be summarized as follows: Appellant had been in the employ of appellee "an as extra laborer" for a period of approximately six months prior to April 20, 1937; that under the terms of his employment he was required to "take a day off" once in every two weeks; that there was no fixed time when this should be done, but what day it should be was agreed upon between appellant and his foreman; that on said April 20, 1937, one of the employees of appellee, under its direction, made a trip from South Bend, Indiana, to Joliet, Illinois, by motor truck for the purpose of obtaining a 600-gallon gasoline tank and transporting it to the "machine shop" of appellee located in South Bend; that appellant had, prior to said day, informed such servant that he would like to go with him to Joliet, Illinois, sometime when he was making such a trip; that on April 19, 1937, said employee told appellant he was going to Joliet the next day, and it was arranged between them that appellant should go with him, which he accordingly did; that when they returned to the machine shop of appellee, it was during the noon hour, and neither the foreman of the shop, nor anyone else was present when the truck was driven into said shop and said empty gasoline tank was unloaded; that while the tank was being unloaded a chain used to hoist the tank from the truck broke, the tank fell, and appellant was struck, sustaining severe injuries, with a resulting disability.

It is asserted by appellant that under the foregoing facts stipulated and summarized an award in his favor should be made, and he contends that the stipulation entered into, "that on April 20, 1937, the plaintiff was in the employ of the defendant," is binding between the parties, and on the Industrial Board, and since all other essential facts were proven by uncontradicted evidence, the award in the instant case should be reversed.

It is to be noted that the stipulation made wholly omits any reference to the fact whether appellant was injured by an accident arising out of and in the course of his employment. The defense offered by appellee was based solely on the theory that appellant was injured on his "day off," and that at the time of his injury he was not discharging any duty of his employment, nor performing any work for appellee with its knowledge or consent. That such a defense was considered available by the Industrial Board and the parties, despite the stipulation made, clearly appears from the record since all evidence relevant thereto was offered and received without objection on the part of any interested party. Under such a state of the record the stipulation should not, in view of the undisputed fact that, on April 20, 1937, appellant was in the *general* employment of appellee, even though he may not have been *working* on the day in question, be given by this court the controlling effect contended for by appellant.

There is evidence to prove that appellant, on the day before he was injured, asked his foreman if he might have the next day off, and that this request was granted. There is also evidence showing that on the day before the injury, when appellant was informed by the truck driver that he expected to make a trip to Joliet on the following day, appellant stated that he would see if he could have the day off, and if so,

that he would go along; that the usual time for appellant to report for duty was 8 o'clock a. m., and on the day of his injury, the driver of the truck came to his home at 5:30 a. m., and they started on the journey; that for the purpose of the proposed trip no "helper" was needed or required. From evidence concerning statements made by appellant both before and on the day of the injury, as to its being his "day off," and from other evidence in the cause, the Industrial Board could reasonably conclude that on the particular day when he was injured, he was not, in fact, working for appellee at all, and that, therefore, the accident could not arise out of and in the course of his employment.

Whether the accident did arise out of and in the course of the employment is a question of fact for the Industrial Board to determine, and, as has been often stated, its finding of facts is binding upon this court when supported by competent evidence. In the instant case there is ample evidence to sustain the finding.

The award is affirmed.