INDIANA STATE SANATORIUM OF ROCKVILLE, INDIANA
*v.* McMAHON

[No. 16,479.   Filed April 17, 1940.   Rehearing denied
May 28, 1940.   Transfer denied October 8, 1940.]

*Omer Stokes Jackson,* Attorney General and *Thomas Longfellow,* Deputy Attorney General, for appellant.

*Frank Hamilton,* of Terre Haute, for appellee.

LAYMON, J.—This is an appeal from a finding and award of the Industrial Board awarding compensation to appellee.

Appellee sought compensation for total disability due to injuries alleged to have been received by him while in the employ of appellant. In his application appellee alleged that he was "acting as janitor in Womens' Ward of The Indiana State Sanatorium, was furnished board and lodging on premises and was subject to call at any time during twenty-four hour period. Plaintiff was not actually working at the time of injury but was returning to his room from the dining room after eating the evening meal" and "plaintiff had eaten his supper in the dining room and had started to return to his room in the building and in going down the stairway which was dark because of no light in the stairway, missed a step and fell downstairs striking his head."

A hearing was first had before a single member of the board who found for appellant and denied appellee compensation. Upon review the full board found, by a majority of its members, that appellee, on August 24, 1938, suffered an injury as the result of an accident arising out of and in the course of his employment and that as a result of the injury appellee was totally disabled from the date thereof up to and including April 30, 1939. The board then entered an award in favor of appellee for compensation at the rate of $8.80 a week for 32 and 5/7 weeks, beginning September 1, 1938.

By proper assignment of error appellant challenges the sufficiency of the evidence to sustain the award, contending that there is no evidence to support the finding that the injury arose out of and in the course of appellee's employment with appellant. This contention requires a review of the evidence.

It appears that upon the date appellee received the injury for which he seeks compensation he was in the employ of the appellant institution as a ward janitor.

He was paid wages upon a monthly basis and was furnished his room and board. By the terms of his employment he was required to work 6 and 1/2 days a week from 7:30 a. m. to 4 p. m., with one hour off for lunch and a half day off each week. This half day usually fell on Wednesday but could be changed to another day upon request. On his half day off appellee ceased work at 12 noon and was not required to resume work until 7:30 the following morning. He was free to remain at the sanatorium and take his meals, if he chose, or he could leave the premises and did, at times, during the course of his employment, go to his home in Terre Haute, Indiana on his half day off. When leaving on such occasions he was never asked by appellant where he was going, what his address would be, or when he would return. His duties as a ward janitor included "keeping the quarters clean, utility rooms and one thing and another, and helping to clean up the patients' rooms." On August 24, 1938, appellee had his half day off but remained on the premises, spending most of the afternoon in his room mending his personal clothing. This was not one of the duties of his employment, nor was it a requirement of the appellant institution. At approximately 4:30 p. m., appellee ascended the stairway to the kitchen for the purpose of eating his evening meal. After finishing his meal he attempted to return to his room by using the stairway and, in so doing, fell downstairs causing the injury resulting in his disability.

In keeping with the rules of this court forbidding the weighing of evidence and requiring a consideration of the evidence most favorable to the award, including any and all reasonable inferences deducible from the facts proved, we have searched the record for proof that the injury was received while

appellee was performing a duty in the line of his employment, or as a natural incident of his required work, or as the result of a hazard or risk coupled with his employment. It was incumbent upon appellee to prove by competent evidence that his injury was the result of an accident arising out of and in the course of his employment with appellant. In examining the record we have failed to find any proof of a causal connection between appellee's injury and his employment.

The evidence conclusively shows that appellee was not working for appellant at the time he received his injury, nor was he performing any duty incident to his employment or beneficial to his employer but was pursuing a matter entirely personal at a time when he was not required to be on duty, but during his half day off.

Appellee insists that he was, by the terms of his employment, subject to call at any time during the twenty-four hours, including his half day off, and that consequently the accident was due to a hazard to which he would not have been exposed apart from his employment. This contention is not sustained by the evidence. There is a total failure of proof that appellee, *by the terms of his employment,* was subject to call during the period of his half day off. Appellee was the only witness who testified as to the terms of his employment.

"Q. Were you subject to call on these half days off?
"A. Sure.
"Q. If they needed you they would call you back?
"A. Called me back if I was on the premises, yes."
"Q. You were not required to stay at the sanatorium on your half days off?
"A. No, not unless you wanted to.

"Q. You could leave? When you took a trip like Terre Haute you could have left any time during the half day couldn't you, three or four o'clock in the evening?

"A. Yes, sure."

"Q. Now on your half days off at any time that you worked at the sanatorium, were you ever called back on your half days off to perform any duty at the sanatorium?

"A. Never was, never was in my time there."

"Q. What, if anything, was ever said to you by anyone that if you were called you were supposed to respond?

"A. Oh there was never nothing said about that but I took it for granted when you were there you were liable to be called any time, I go when you are called and I'd have went any time I was called, if I had been called."

The evidence in its final analysis shows indisputably that appellee's injury did not arise out of and in the course of his employment with appellant. *Guisinger* v. *Standard Oil Co. of Indiana* (1938), 106 Ind. App. 51, 17 N. E. (2d) 858.

Award reversed.

Bridwell, P. J., Dudine, J., dissent.

NOTE.—Reported in 26 N. E. (2d) 757.

### DISSENTING OPINION

DUDINE, J.—For reasons which are hereinafter stated it is my opinion that no questions are treated in appellant's brief as is required by paragraph 6, Rule 18 of this court. If this court were authorized to ignore such rule and to consider this case on its merits I could and would readily concur in the majority opinion of this court in this cause which opinion is dated April 17, 1940.

On November 7, 1939, this court filed its opinion in this cause wherein this court held that appellant had failed to present any questions in its brief in compliance with Rule 18 of this court and affirmed the award

of the Industrial Board for that reason. (See 22 N. E. (2d) 288.)

On January 8, 1940, appellee's petition for rehearing herein was denied by this court.

On March 27, 1940, this court, on its own motion, by a majority thereof, withdrew said opinion and reinstated this appeal. Said opinion of this court filed November 7, 1939, was in accord with the ruling of our Supreme Court in *Phend* v. *Milk Control Board of Indiana* (1938), 213 Ind. 359, 12 N. E. (2d) 114 wherein the same rule of court was involved. No other cases had been finally decided by our Supreme Court or by this court prior to November 7, 1939, when said opinion of this court was filed, or prior to January 8, 1940, when said petition for rehearing was denied, wherein said Rule 18 (adopted June 21, 1937) was involved and wherein the discussion with reference to said rule was applicable to the instant case. This court was bound to follow said reasoning in *Phend* v. *Milk Control Board of Indiana, supra.*

On February 5, 1940, our Supreme Court filed an opinion in this cause (24 N. E. (2d) 1002) in which it said ". . . It appears the Appellate Court has erroneously construed this rule (Rule 18 *supra*)." The Supreme Court discussed said rule in that opinion and concluded as follows: "It cannot be determined from the opinion (of the Appellate Court in this cause, adopted November 7, 1939) that the brief contains any argument elaborating the propositions, points or authorities but, *if the application is made under the heading 'Argument,'* and not under each proposition, point or authority, then the opinion is erroneous. This court cannot look to the record of the appellant's original briefs for confirmation of this fact. Its search is limited to the face of the opinion. It therefore follows

that the petition to transfer must be and is denied."
(My italics.)

Appellant's original brief does not comply with said
Rule 18 *as construed by the Supreme Court in its said
opinion filed in this cause.* Appellant's brief does con-
tain an argument but nowhere in said argument and
nowhere in the brief are the "points and authorities
. . . applied to the question sought to be presented."
Rule 18, *supra.*

Said rule further provides "Assigned errors not
treated as herein directed shall be deemed as waived."
Said rule is binding upon this court as well as upon
the litigants. The sole error assigned, not having been
"treated" in appellant's original brief as directed by
Rule 18, *supra,* said error should have been deemed by
this court to have been waived and the award of the
Industrial Board- should have been affirmed for that
reason.

Bridwell, C. J., concurs in this opinion.

NOTE.—Reported in 27 N. E. (2d) 386.