ATTORNEY FOR APPELLANT
David E. Dearing
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

David L. Steiner
Deputy Attorney General

Heather Hagan McVeigh
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



_____

No. 49S05-1411-PL-700

TEACHING OUR POSTERITY SUCCESS, INC.,

*Appellant (Petitioner below),*

v.

INDIANA DEPARTMENT OF EDUCATION
AND INDIANA STATE BOARD OF EDUCATION,

*Appellees (Respondents below).*

_____

Appeal from the Marion Superior Court, Civil Division 4
No. 49D04-1212-PL-047002
The Honorable Cynthia J. Ayers, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-1308-PL-386

_____

**November 13, 2014**

**Rucker, Justice.**

Resolving a long-standing lack of consensus on the subject, today we hold that a petitioner seeking judicial review of an agency action must file with the trial court the agency record as defined by the Administrative Orders and Procedures Act. Failure to do so results in dismissal of the petition.

**Facts and Procedural History**

In 2011 the Indiana Department of Education and the Indiana State Board of Education (collectively "DOE") approved Teaching Our Posterity Success, Inc. ("TOPS"), as a Supplemental Educational Services ("SES") provider.[1] The following year DOE removed TOPS from its list of approved providers, and TOPS sought administrative review of that removal. DOE appointed a panel of staff members to perform the review and on November 7, 2012 sent TOPS a letter on DOE stationery declaring in pertinent part:

> Pursuant to your appeal of the decision to remove [TOPS] from Indiana's list of approved SES providers, Indiana Department of Education staff members were appointed to review the appeal. The panel reviewed the request for appeal and all applicable documentation. Based on its review, the panel determined that TOPS failed to submit sufficient evidence to overturn the initial removal decision. As such, TOPS will remain removed from Indiana's SES Provider List.

App. at 14.

TOPS timely filed a petition for judicial review in the Marion Superior Court. In support of its petition TOPS included a copy of the November 7 letter. However, TOPS neither filed an official agency record nor requested an extension of time to do so. TOPS subsequently moved for summary judgment arguing in part that DOE's letter removing it from Indiana's SES provider list was a final agency order that lacked necessary findings of fact. In response DOE

---

[1] Provisions for Supplemental Educational Services are established by the federal Elementary and Secondary Education Act of 1965 as reauthorized by the No Child Left Behind Act of 2001. See 20 U.S.C. § 6316(e) (2012). In relevant part the Acts provide a mechanism for children of low-income families attending underperforming schools to receive the benefit of free extra academic assistance, such as tutoring or remedial help in subjects such as reading, language arts and math. See 20 U.S.C. § 6316(b), (e) (2012).

filed a motion to dismiss the petition on grounds of TOPS' failure to file with the trial court a timely and complete agency record. After a hearing the trial court agreed with DOE, dismissed TOPS' petition, and denied its motion for summary judgment. TOPS appealed and the Court of Appeals reversed the dismissal and remanded the case with instructions directing the trial court to remand the matter to DOE for entry of statutorily-mandated findings and conclusions to accompany its final order. See Teaching Our Posterity Success, Inc. v. Ind. Dept. of Educ., 3 N.E.3d 1042 (Ind. Ct. App. 2014). In so doing the court determined that a timely filed agency record was not necessary in this case because the November 7 letter—which DOE did not contest is a final agency order—was facially defective. DOE seeks transfer which we now grant to address the question of whether an official agency record is required to adjudicate a petition for review under Indiana's Administrative Orders and Procedures Act. In all other respects we summarily affirm the Court of Appeals opinion. Additional facts are set forth below as necessary.

## Standard of Review

The standard of appellate review for motions to dismiss under Rule 12(B) depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. See Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29, 847 N.E.2d 924, 926 (Ind. 2006). We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record. See id.

## Discussion

The Administrative Orders and Procedures Act ("AOPA") governs administrative proceedings and judicial review of decisions of DOE and certain other State agencies. See Ind. Code §§ 4-21.5-2-0.1 to 6. For the agencies to which it applies, AOPA includes extensive procedural requirements for adjudications under the Act. See, e.g., I.C. § 4-21.5-3-1 (governing notice of agency action); I.C. § 4-21.5-3-13 (governing qualifications of adjudicators); I.C. § 4-21.5-3-18 (governing notice and conduct of prehearing conferences); I.C. § 4-21.5-3-22

3

(governing conduct of discovery); I.C. § 4-21.5-3-25 (governing conduct of hearings); I.C. § 4-21.5-3-26 (governing presentation of evidence); I.C. § 4-21.5-3-27 (governing contents of orders); I.C. § 4-21.5-3-33 (governing maintenance of records of proceedings).

In addition to these procedural requirements for agency actions, AOPA includes its own provisions for judicial review of agency actions. See I.C. §§ 4-21.5-5-1 to 16. A person aggrieved by an agency action may file a petition for review in the appropriate trial court, and can show the agency action was invalid by demonstrating the party was prejudiced by an agency action that was:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) contrary to constitutional right, power, privilege, or immunity;
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (4) without observance of procedure required by law; or
> (5) unsupported by substantial evidence.

I.C. § 4-21.5-5-14. This section also requires that the reviewing court "shall make findings of fact on each material issue on which the court's decision is based." Id. The court's review of disputed issues of fact "must be confined to the agency record for the agency action . . . . The court may not try the cause de novo or substitute its judgment for that of the agency." I.C. § 4-21.5-5-11.

Particularly relevant in the case before us are certain AOPA provisions regarding the record of proceedings in the agency and the role of that record in facilitating judicial review. AOPA provides that each "agency shall maintain an official record of each proceeding under this chapter." I.C. § 4-21.5-3-33. "Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner." I.C. § 4-21.5-5-13(c). Within thirty days after an aggrieved party files its petition for judicial review "or within further time allowed by the court or by other law, *the petitioner shall transmit to the court the original or a certified copy of the agency record* for judicial review of the agency action . . . ." I.C. § 4-21.5-5-13(a) (emphasis added). A petitioner's "*[f]ailure to file the record within the time permitted by this subsection*, including any extension period ordered by the court, *is cause for*

4

*dismissal of the petition for review by the court*, on its own motion, or on petition of any party of record to the proceeding." I.C. § 4-21.5-5-13(b) (emphasis added).

AOPA more specifically provides that "the original or a certified copy of the agency record for judicial review . . . consist[s] of":

> (1) any agency documents expressing the agency action;
> (2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and
> (3) *any other material described in this article* as the agency record for the type of agency action at issue, subject to this section.

I.C. § 4-21.5-5-13(a) (emphasis added). Elsewhere in Article 21.5 is the following description:

> The agency record of the proceeding consists only of the following:
> (1) Notices of all proceedings.
> (2) Any prehearing order.
> (3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.
> (4) Evidence received or considered.
> (5) A statement of matters officially noticed.
> (6) Proffers of proof and objections and rulings on them.
> (7) Proposed findings, requested orders, and exceptions.
> (8) The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.
> (9) Any final order, nonfinal order, or order on rehearing.
> (10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.
> (11) Matters placed on the record after an ex parte communication.

I.C. § 4-21.5-3-33(b). And with certain exceptions not relevant here, "the agency record described by subsection (b) constitutes the exclusive basis for agency action in proceedings

under this chapter and for judicial review of a proceeding under this chapter."  I.C. § 4-21.5-3-33(c).

In support of their respective positions for the need *vel non* of a complete agency record both parties rely on this Court's evenly divided[2] decision in Indiana Family and Social Services Administration v. Meyer, 927 N.E.2d 367 (Ind. 2010).[3]  Meyer involved a Medicaid claimant's appeal of the Family and Social Services Administration's ("FSSA") decision to deny her benefits.  Meyer appealed the decision, contending the agency's final order was erroneous in part because it was based on a clerical error in the valuation of Meyer's assets.  Meyer attached to her petition for judicial review copies of several agency documents including the final action and the ALJ's decision.  Although Meyer had been granted an extension of time in which to file the agency record as permitted by statute, she failed to file the record within the extended time period.  Id. at 369.  After time to file the record had expired, FSSA answered Meyer's petition and admitted the valuation error.  Id.  Four weeks after filing its answer, FSSA moved to dismiss the petition on the grounds that Meyer had failed to file the agency record timely.  The trial court then granted Meyer's petition to extend retroactively the time period for filing the record, and Meyer thereafter filed the agency record.  FSSA appealed and in a divided opinion the Court of Appeals affirmed the judgment of the trial court.  See Ind. Family & Soc. Svcs. Admin. v. Meyer, 900 N.E.2d 74, 80 (Ind. Ct. App. 2009).

On transfer this Court was unanimous in holding that the relevant provisions of AOPA do not permit untimely filing of the agency record or *nunc pro tunc* extensions of the filing deadline.  See Meyer, 927 N.E.2d at 370, 372.  Reviewing the statutory language "[f]ailure to file the record within the time permitted by this subsection . . . is cause for dismissal . . ." the Court found that "the statute is clear" in placing the responsibility on the petitioner to file the agency record timely,  and that any request for an extension of time must be made within the statutory time period.  Id. at 370, 371.

---

[2] Justice Sullivan did not participate in this decision.

[3] The claimant, Mrs. Meyer, died during the pendency of the agency proceedings, and her trust pursued judicial review.  Meyer, 927 N.E.2d at 368-69.  For simplicity we refer to the petitioner as "Meyer."

But with respect to AOPA's requirement in section 4-21.5-5-13(a) that "the petitioner shall transmit to the court the original or a certified copy of the agency record," Justice Boehm (joined by Justice Rucker) opined that "imperfect compliance . . . is not always fatal" and "[a] petition for review may be accepted if the materials submitted provide the trial court with 'all that is necessary . . . to accurately assess the challenged agency action.'" Id. at 371 (quoting Izaak Walton League of Am., Inc. v. DeKalb Cnty. Surveyor's Office, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006), trans. denied). Chief Justice Shepard (joined by Justice Dickson) disagreed "that a petitioner can obtain judicial review under AOPA without filing a certified record at all." Id. at 372. In their view the statutory language presented a procedural "prerequisite to the pursuit of a petition for judicial review." Id. Because this Court was evenly divided, the opinion of the Court of Appeals affirming the trial court was reinstated. See Ind. Appellate Rule 58(C).

Two important facts distinguish Meyer from the case before us and from most AOPA appeals. First, the contested issue was the existence of what was essentially an arithmetic error in the agency decision, albeit one that affected the outcome. Second, and most importantly, the State *conceded its error* on the contested issue before it moved to dismiss for lack of a record. So to the extent Meyer represents the possibility of an exception to the filing requirement, thus triggering the permissive "cause for dismissal" language in Indiana Code section 4-21.5-5-13(b), any such exception is extremely narrow.

In any event our case authority both before and after Meyer has generated uncertainty on the question of how the statutory mandate for the filing of an agency record should be applied. Compare, e.g., Izaak Walton League, 850 N.E.2d at 965 (finding the purposes of the AOPA statutes governing the agency record on judicial review "are clear" and determining limited documentation submitted as agency record was sufficient to decide the appeal), and Lebamoff Enter., Inc. v. Ind. Alcohol & Tobacco Comm'n, 987 N.E.2d 525, 531 (Ind. Ct. App. 2013) (concluding that materials submitted with petition for review were sufficient to permit judicial review), with Lebamoff Enter., Inc., 987 N.E.2d at 531 (Kirsch, J., dissenting) (observing that "the mandates of the [AOPA] are clear" and opining that the trial court properly dismissed the review petition for failure to file agency record), and Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 813 N.E.2d 330, 334-35 (Ind. Ct. App. 2004) (concluding exhibits attached to

petition for judicial review did not constitute an agency record as contemplated by statute and trial court lacked jurisdiction to consider the petition where petitioning party failed to file the agency record timely). Indeed, as the Court of Appeals recently observed: "[T]here is no consensus on either the Indiana Supreme Court or [the] Court [of Appeals] regarding what should happen when a petitioner fails to submit the agency record timely but the documents filed with the petition for review may be sufficient for the trial court to adjudicate the claims raised in the petition." Brown v. Ind. Dept. of Child Svcs., 993 N.E.2d 194, 196 (Ind. Ct. App. 2013), trans. denied.

For the most part, our existing case authority can best be summarized as follows: if the trial court cannot decide the issue based on the documents before it, then "cause for dismissal" is read to mean the appeal "shall be dismissed." But where the documents before the trial court provide enough information for the court to decide the issue—even if not prepared by the agency as anticipated by Indiana Code section 4-21.5-5-13(c) or not "the original or a certified copy" as anticipated by Indiana Code section 4-21.5-5-13(a)—then the lack of an official record simply permits dismissal but does not mandate it.

At first blush concerns of judicial economy seem to weigh in favor of the foregoing view. After all, why should the parties expend the time and resources necessary to compile an agency record where the relevant facts are all contained in a few documents? And though the parties may contest which records are relevant, the trial court is presumably in the best position to determine what it needs to decide any given issue. Also, we have long recognized a judicial preference to decide cases on their merits. See, e.g., Costlett v. Weddle Bros. Const. Co., 798 N.E.2d 859, 861 (Ind. 2003); Phend v. Milk Control Bd. of Ind., 12 N.E.2d 114, 115 (Ind. 1938).

On the other hand whether the documents before the trial court provide enough information enabling the court to decide an issue in a given case will likely be contested by the parties. See Meyer, 927 N.E.2d at 374 (Shepard, C.J., joined by Dickson, J.) ("Whether under some theory a judicial review might proceed with a minimalist record, such a concept is plainly a slippery slope, setting in motion regular satellite litigation . . . in which private citizens and the taxpayers will spend time and money contesting whether a record is 'complete enough.'"). The

8

trial court is thus put in the unenviable position of not only deciding the merits of an administrative appeal but also determining just exactly what is relevant to its decision, without having access to the entire record to make that determination. The judicial economy argument thus swings in the other direction. It appears to the Court that submitting the record up front diminishes the potential for time and resource-consuming satellite litigation such as we have in this case. It further obviates the necessity for the trial court to ascertain blindly whether the documents before it are enough or whether other documents in the official record—to which it does not have access—are relevant to the issues on review. Further, AOPA explicitly provides a mechanism by which the parties may condense the record by agreement potentially saving both sides time and expense. See I.C. § 4-21.5-5-13(e) ("By stipulation of all parties to the review proceedings, the record may be shortened, summarized, or organized."). And an unreasonable refusal to so stipulate can result in the costs of record preparation being taxed to the refusing party. See I.C. § 4-21.5-5-13(f).

All four justices in Meyer agreed that the trial court lacked authority to extend the filing deadline for an agency record that was not filed within the required statutory period or an authorized extension thereof. We reasoned:

> The purpose of AOPA section 13 is to ensure that the review of agency action proceeds in an efficient and speedy manner, and that the reviewing trial court has access to the record before rendering its decision. . . . The filing requirement also ensures that no relevant evidence or materials are hidden, and no "new" or "secret" evidence is introduced to either contradict or support an agency decision.

Meyer, 927 N.E.2d at 370 (internal quotation and citation omitted). This reasoning applies with equal force to a requirement that the official agency record must be filed with the trial court in order for judicial review to proceed. In sum we hold a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record[4] has not been filed. In our view this bright-line approach best serves the goals of accuracy, efficiency, and judicial

---

[4] We recognize that the documents constituting the agency record as listed in section 4-21.5-3-33(b) and 4-21.5-5-13 will not necessarily be present in every single agency record, and the parties may stipulate that certain documents are not relevant to the agency action appealed in a particular case.

economy.  Here because TOPS did not file the agency record as anticipated by AOPA, the trial court properly dismissed its petition for judicial review.

## Conclusion

We affirm the judgment of the trial court.

Rush, C.J. and Dickson, David and Massa, JJ., concur.