ATTORNEYS FOR APPELLANT
Thomas E. Wheeler
Sarah Steele Riordan
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

David L. Steiner
Deputy Attorney General

Heather Hagan McVeigh
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANAPOLIS BAR ASSOCIATION
APPELLATE PRACTICE SECTION
Stephen J. Peters
Plunkett Cooney, P.C.
Indianapolis, Indiana

Josh S. Tatum
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana



**FILED**

Nov 13 2014, 11:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S04-1311-PL-732

FIRST AMERICAN TITLE INSURANCE
COMPANY,

*Appellant and Cross-Appellee
(Petitioner below),*

v.

STEPHEN W. ROBERTSON, INSURANCE
COMMISSIONER OF THE STATE OF INDIANA,
IN HIS OFFICIAL CAPACITY, ON BEHALF OF THE
INDIANA DEPARTMENT OF INSURANCE,

*Appellee and Cross-Appellant
(Respondent below).*

Appeal from the Marion Superior Court No. 7, No. 49D07-1105-PL-019374
The Honorable Michael D. Keele, Judge
On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-1206-PL-326

**November 13, 2014**

**Rucker, Justice.**

In another opinion decided today we held that a petitioner seeking judicial review of an agency decision must file the agency record as defined by the Administrative Orders and Procedures Act and that the failure to do so results in dismissal of the petition. See Teaching Our Posterity Success, Inc., v. Ind. Dept. of Educ., ___ N.E.3d ___, No. 49S05-1411-PL-0700 (Ind. Nov. 13, 2014). We apply that holding here.

**Facts and Procedural History**

First American Title Insurance Company is an insurer licensed to do business in the State of Indiana. As such it is subject to the administrative and regulatory authority of the Indiana Department of Insurance through its Commissioner. Under provisions of the Insurance Examination Act—Indiana Code sections 27-1-3.1-1 to 27-1-3.1-18—the Commissioner is authorized to "conduct an examination of every insurer licensed in Indiana . . . once every five (5) years." Ind. Code § 27-1-3.1-8(a)(2). In consequence on March 31, 2009 the Department issued First American a Market Conduct Examination warrant[1] to review its practices relating to premium charges to customers, collections of premiums from its appointed agents, consumer disclosures, and collection and remittance of certain fees. App. at 18. The examination covered the period between January 1, 2005 and December 31, 2008. For such purposes the Commissioner retained the services of a third party examiner who, after conducting its

---

[1] "A market conduct examination is a statutorily provided tool by which the insurance commissioner can review a particular aspect of the interaction between an insurance carrier and the general public. A target examination is limited to a specific issue which the market behavior of the company has precipitated, and is usually conducted on an immediate basis and sometimes with no notice to the company." State Farm Mut. Auto Ins. Co., v. Mortell, 667 N.E.2d 192, 194 (Ind. Ct. App. 1996).

examination, submitted a report to the Department on September 30, 2010. In turn the Commissioner forwarded the report to First American. Thereafter, on December 10, 2010, First American submitted a rebuttal to the report's findings. The Commissioner was then required to take certain action within thirty days, namely: "enter an order" (1) adopting the report with or without modification; (2) rejecting the report and instructing the examiners to obtain more information and refile the report; or (3) calling for an investigatory hearing to obtain more documentation, data, information, and testimony. I.C. § 27-1-3.1-11(a). The Commissioner did not enter an order within thirty days. Instead the Commissioner requested that First American extend the deadline to permit the parties an opportunity to resolve the issues raised in the report. First American agreed to this extension. However the parties were unable to reach a resolution during this period, so the Commissioner requested and First American agreed to further extend the deadline until February 4, 2011. More than six weeks after that deadline passed, the Commissioner requested that First American agree to another extension of time through April 15, 2011. This time First American refused to agree. On April 15, 2011, the Commissioner issued an order ostensibly pursuant to Indiana Code section 27-1-3.1-11(a)(3) calling for a hearing and appointing an administrative law judge. The hearing was set for July 12, 2011.

Before the date of the hearing, First American filed a petition in the Marion Superior Court seeking judicial review of the Commissioner's order, contending the order was void because it was issued beyond the thirty-day time limit set forth in the Insurance Examination Act. In support of its petition First American attached a copy of the order and hearing date along with a letter from the Department addressed to First American's legal counsel, and a letter from First American's legal counsel addressed to the Department. The Commissioner countered with a motion to dismiss the petition on grounds that First American failed to submit the agency record as required by the Administrative Orders and Procedures Act ("AOPA"). After a hearing the trial court denied the Commissioner's motion to dismiss; and it denied First American's petition for judicial review on grounds that First American was required, but failed, to show that it was prejudiced by the untimely order.[2]

---

[2] Under AOPA a person is prejudiced by an agency action if it falls within five enumerated categories. See I.C. § 4-21.5-5-14(d). Here the trial court determined that in addition to the categories dictated by statute First American was also required to make an additional showing of prejudice. See Appellant's App. at 11.

Both parties appealed. First American complained the trial court erred in not declaring the Commissioner's hearing order void in that Commissioner failed to comply with the statutory deadline, and the trial court erred in requiring First American to demonstrate a separate showing of prejudice. On cross-appeal the Commissioner for the first time alleged that First American's petition for judicial review should have been dismissed because First American failed to exhaust its administrative remedies thereby depriving the trial court of jurisdiction. The Commission also argued the trial court erred in failing to dismiss First American's petition for judicial review because First American did not submit an agency record.

The Court of Appeals affirmed the trial court's judgment in part, reversed it in part, and remanded the case for further proceedings. In so doing the court held: (1) the Commissioner's hearing order was untimely and therefore void; (2) a petitioner seeking judicial review of an agency decision need not demonstrate a separate showing of prejudice; (3) the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction, and the Commissioner waived this issue by not raising it timely; and (4) although First American failed to submit a formal agency record, the documents attached to its petition for judicial review were sufficient to allow the trial court to decide the issue raised. See First Am. Title Ins. Co. v. Robertson, 990 N.E.2d 9 (Ind. Ct. App. 2013). The Commissioner sought transfer contending (1) the failure to exhaust administrative remedies deprives a trial court of subject matter jurisdiction, and (2) AOPA mandates the timely filing of a certified agency record prior to judicial review of an administrative order. Having previously granted transfer we now address these claims and reverse the judgment of trial court. Additional facts are set forth below.

**Discussion**

I.    *Exhaustion of Administrative Remedies*

We summarily affirm that portion of the Court of Appeals opinion holding that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate

4

the trial court's subject matter jurisdiction.[3]  And because the Commissioner does not otherwise challenge the point on transfer, we also agree with our colleagues that by raising this procedural issue for the first time on appeal, the Commissioner's exhaustion claim is waived.  We hasten to add however that a finding of waiver may not be appropriate in every instance.  The facts of a particular case may dictate otherwise.  As we have previously observed certain benefits accrue in requiring the exhaustion of administrative remedies.

> Premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors.  Even if the ground of complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion may still be required because ["]administrative action may resolve the case on other grounds without confronting broader legal issues.["]  [Turner v. City of Evansville,] 740 N.E.2d 860, 862 (Ind. 2001) (quoting State Bd. of Tax Comm'rs v. Montgomery, 730 N.E.2d 680, 684 (Ind. 2000)).  Justice Sullivan noted several additional benefits of this approach:  ["]The exhaustion requirement serves to avoid collateral, dilatory action of the likes of the instant action and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review.  It provides an agency with the opportunity 'to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a [factual] record which is adequate for review.'["]  Austin Lakes Joint Venture v. Avon Utils., Inc., 648 N.E.2d 641, 644 (Ind. 1995) (quoting Uniroyal, Inc. v. Marshall, 579 F.2d 1060, 1064 (7th Cir. 1978)) (alteration in original).

Advantage Home Health Care, Inc. v. Ind. State Dep't of Health, 829 N.E.2d 499, 503 (Ind. 2005) (some alterations in original).  Thus, even where a claim of failure to exhaust administrative remedies has been raised untimely that fact alone does not necessarily dictate the court should declare the claim waived.  But we repeat that in this case the Commissioner does not argue the point.  And we decline to speculate what if any adverse impact the alleged failure to exhaust may have had here.

---

[3] We also summarily affirm that portion of the Court of Appeals opinion declaring the Commissioner's hearing order untimely and void, as well as that portion of the opinion declaring that a petitioner seeking judicial review of an agency decision need not demonstrate a separate showing of prejudice.

*II.    Submission of Agency Record*

The AOPA governs administrative proceedings and judicial review of decisions of DOE and certain other State agencies.  See I.C. §§ 4-21.5-2-0.1 to 6.  For the agencies to which it applies, AOPA includes extensive procedural requirements for adjudications under the Act.  See, e.g., I.C. § 4-21.5-3-1 (governing notice of agency action); I.C. § 4-21.5-3-13 (governing qualifications of adjudicators); I.C. § 4-21.5-3-18 (governing notice and conduct of prehearing conferences); I.C. § 4-21.5-3-22 (governing conduct of discovery); I.C. § 4-21.5-3-25 (governing conduct of hearings); I.C. § 4-21.5-3-26 (governing presentation of evidence); I.C. § 4-21.5-3-27 (governing contents of orders); I.C. § 4-21.5-3-33 (governing maintenance of records of proceedings).

In addition to these procedural requirements for agency actions, AOPA includes its own provisions for judicial review of agency actions.  See I.C. §§ 4-21.5-5-1 to 16.  A person aggrieved by an agency action may file a petition for review in the appropriate trial court, and can show the agency action was invalid by demonstrating the party was prejudiced by an agency action that was:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) contrary to constitutional right, power, privilege, or immunity;
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (4) without observance of procedure required by law; or
> (5) unsupported by substantial evidence.

I.C. § 4-21.5-5-14.  This section also requires that the reviewing court "shall make findings of fact on each material issue on which the court's decision is based."  Id.  The court's review of disputed issues of fact "must be confined to the agency record for the agency action . . . .  The court may not try the cause de novo or substitute its judgment for that of the agency."  I.C. § 4-21.5-5-11.

Particularly relevant in the case before us are certain AOPA provisions regarding the record of proceedings in the agency and the role of that record in facilitating judicial review. AOPA provides that each "agency shall maintain an official record of each proceeding under this

6

chapter." I.C. § 4-21.5-3-33. "Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner." I.C. § 4-21.5-5-13(c). Within thirty days after an aggrieved party files its petition for judicial review "or within further time allowed by the court or by other law, *the petitioner shall transmit to the court the original or a certified copy of the agency record* for judicial review of the agency action . . . ." I.C. § 4-21.5-5-13(a) (emphasis added). A petitioner's "*[f]ailure to file the record within the time permitted by this subsection*, including any extension period ordered by the court, *is cause for dismissal of the petition for review by the court*, on its own motion, or on petition of any party of record to the proceeding." I.C. § 4-21.5-5-13(b) (emphasis added).

AOPA more specifically provides that "the original or a certified copy of the agency record for judicial review . . . consist[s of:]"

> (1) any agency documents expressing the agency action;
> (2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and
> (3) *any other material described in this article* as the agency record for the type of agency action at issue, subject to this section.

I.C. § 4-21.5-5-13(a) (emphasis added). Elsewhere in Article 21.5 is the following description:

> The agency record of the proceeding consists only of the following:
> (1) Notices of all proceedings.
> (2) Any prehearing order.
> (3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.
> (4) Evidence received or considered.
> (5) A statement of matters officially noticed.
> (6) Proffers of proof and objections and rulings on them.
> (7) Proposed findings, requested orders, and exceptions.
> (8) The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.
> (9) Any final order, nonfinal order, or order on rehearing.
> (10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

> (11) Matters placed on the record after an ex parte communication.

I.C. § 4-21.5-3-33(b). And with certain exceptions not relevant here, "the agency record described by subsection (b) constitutes the exclusive basis for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter." I.C. § 4-21.5-3-33(c).

First American acknowledges that it did not transmit the agency record to the trial court as anticipated by AOPA. It insists however that the documents presented to the trial court were sufficient to decide whether the Commissioner's hearing order was void. According to First American, "the only documents relevant to judicial review were the April 15, 2012 Order appointing an ALJ to conduct an investigative hearing and the April 19, 2012 Order setting the investigative hearing for July 12, 2012." Reply Br. of Appellant at 24-25. First American correctly notes these documents were attached to its petition for judicial review. In support of its contention First American relies heavily on Izaak Walton League of America, Inc. v. Dekalb County Surveryor's Office which declared, among other things: "We think the purposes of the statutes governing what constitutes an adequate agency record . . . are clear. The record must include all that is necessary . . . to accurately assess the challenged agency action." 850 N.E.2d 957 at 965 (Ind. Ct. App. 2006).

But in an opinion we decide today we declare a "bright line" rule effectively abrogating Izaak Walton and similar cases. "[W]e hold a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed. In our view this bright-line approach best serves the goals of accuracy, efficiency, and judicial economy." Teaching Our Posterity Success, Inc., ___ N.E.3d at ___, No. 49S05-1411-PL-700, slip op. at 9-10 (footnote omitted). In this case First American did not file the agency record with the trial court. Therefore its petition for judicial review cannot be considered. The trial court thus erred in failing to grant the Commissioner's motion to dismiss the petition.

**Conclusion**

We reverse the judgment of the trial court.

Rush, C.J., and Dickson, David and Massa, JJ., concur.