## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2017, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David F. McNamar
McNamar & Associates, P.C.
Westfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dale W. Economan, D.O.,

*Appellant-Petitioner,*

v.

Indiana Medical Licensing Board,

*Appellee-Respondent.*

July 14, 2017

Court of Appeals Case No.
49A05-1609-PL-2102

Appeal from the
Marion Superior Court

The Honorable David J. Dreyer

Trial Court Cause No.
49D10-1603-PL-8939

**Kirsch, Judge.**

[1] Dale W. Economan. D.O., appeals the dismissal of his petition for judicial review[1] of the extension of the suspension of his medical license after his license had expired.

[2] We affirm.

## FACTS AND PROCEEDURAL HISTORY

[3] Economan is a licensed physician in the State of Indiana. On August 25, 2015, the State filed a Petition for Summary Suspension of Economan's medical license, seeking a ninety-day suspension based on allegations that Economan was over-prescribing controlled substances, and regularly smoked marijuana. Economan was the target of a criminal investigation by the United States Department of Justice, Drug Enforcement Administration ("DEA"). On August 27, 2015, the Indiana Medical Licensing Board ("Board") held a hearing at which Economan did not appear. The Board heard testimony and considered evidence presented and found that Economan "engaged in a series of acts that were dangerous to the public." *Appellant's App*. at 20. The Board granted the summary suspension.

[4] Economan appeared by counsel at a hearing on October 22, 2015. The Board extended the summary suspension for an additional ninety days. Economan allowed his medical license to expire on October 31, 2015. On December 14,

---

[1] *See* Administrative Orders and Procedures Act (AOPA), Ind. Code § 4-21.5-5-1 *et seq.* (2016).

2015, the Board sent notice to Economan that a hearing would be held on January 28, 2016 to consider another extension of the suspension. On December 23, 2015, Economan filed a motion to dismiss on the grounds that the matter was moot because he had allowed his medical license to expire. Following a hearing on January 28, 2016, at which neither Economan nor his attorney appeared, the Board denied his motion to dismiss and again extended the suspension of his license for ninety days.

[5] On March 11, 2016, Economan filed a verified complaint for judicial review of the Board's decision to extend the suspension of his license after his license had expired. On April 7, 2016, the Board filed its Motion to Dismiss Petition for Judicial Review on the grounds the temporary suspension order was not a final order subject to review pursuant to The Indiana Administrative Orders and Procedures Act ("AOPA").

[6] On April 12, 2016, Economan filed a submission of record for review. The Board filed a second motion to dismiss on May 16, 2016, asserting that the record submitted for review was not complete because it lacked transcripts of two of the suspension hearings. On June 22, 2016, the trial court granted the Board's Motion to Dismiss. Economan filed a Motion to Correct Error which was deemed denied on August 15, 2016. Economan filed his Notice of Appeal on September 15, 2016. On December 30, 2016, this Court denied the Board's Motion for Involuntary Dismissal. Economan now appeals the dismissal of his petition.

# DISCUSSION AND DECISION

[7]     The Medical Licensing Board of Indiana regulates the practice of medicine within Indiana and is charged with establishing standards for the competent practice of medicine in the state. Ind. Code § 25-22.5-2 *et seq.* The Board's general authority to summarily suspend medical licenses derives from Indiana Code section 25-1-9-10(a), which provides:

> The board may summarily suspend a practitioner's license for ninety (90) days before a final adjudication or during the appeals process if the board finds that a practitioner represents a clear and immediate danger to the public health and safety if the practitioner is allowed to continue to practice. The summary suspension may be renewed upon a hearing before the board, and each renewal may be for ninety (90) days or less.

[8]     AOPA governs judicial review of decisions made by the Board. Ind. Code § 4-21.5-2-0.1 *et seq.* Here, the trial court dismissed the petition for judicial review for two reasons: first, because Economan is seeking review of the summary suspension of a medical license, a non-final agency action; and second, because Economan did not submit a complete agency record with the trial court.

[9]     Economan does not challenge the Board's authority to summarily suspend his license when it originally did so on August 27, 2015. Once his license had expired on October 31, 2015, however, Economan claims the Board could not extend the suspension of his license.

[10]    On March 9, 2016, Economan filed a Notice of Appeal/Praecipe for the Record, requesting the Board to prepare the Record of all proceedings for

submission to the trial court for the judicial review. However, the agency record submitted to the trial court by Economan did not include the transcript of the August 27, 2015 hearing or the January 28, 2016 hearing. Economan admits the transcripts of the August 27 and January 28 hearings were not submitted.

[11] Pursuant to AOPA, within thirty days after an aggrieved party files its petition for judicial review, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action. Ind. Code § 4-21.5-5-13(a). AOPA defines "agency record" as the "evidence received or considered by the agency as well as the transcript of the record considered before disposition of a proceeding." Ind. Code § 4-21.5-3-33(b)(4), (8). Specifically, the agency record includes documents identified by the agency as having been considered by it before its action and used as a basis for its action. Ind. Code § 4-21.5-5-13(a). Here, the Board considered both testimony and evidence presented at the January 28, 2016 hearing.

[12] Submitting the agency record in a timely manner is a prerequisite for judicial review. As the Indiana Supreme Court stated, "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." *Teaching Our Posterity Success, Inc., v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 155 (Ind. 2014). A complete record is always necessary unless the parties stipulate to a condensed record. *Id.* at 154. Although Indiana Code section 4-21.5-5-13(c) provides that the Board compiles the record upon

petitioner's request, the burden is on the petitioner to submit the complete record. *Id.* at 152; Ind. Code § 4- 21.5-5-13(a). It was not enough that Economan requested the entire record. It was his responsibility to ensure that he submitted a complete record to the trial court. Nothing in the record before this court indicates that he followed up with the Board to get the transcripts he originally requested. AOPA provides a mechanism for submitting less than the entire agency record as defined by statute. The parties may condense the record by stipulation. Ind. Code § 4-21.5-5-13; *Teaching Our Posterity*, 20 N.E.3d at 154.

[13] Economan's argument that the record as submitted was sufficient to decide the issue being raised does not withstand the ruling in *Teaching Our Posterity*. The record presented does not include the transcript of the August 27 hearing, the first hearing, where it may be presumed that the Board heard evidence to support the initial suspension, nor the January 28 hearing, the hearing where the Board denied Economan's motion to dismiss the proceedings because he had allowed his license to expire. The trial court properly dismissed Economan's petition for judicial review. Because this issue is dispositive, we do not address the other issues that Economan raises.

Affirmed.

Mathias, J., and Altice, J., concur.