## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2018, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Matthew G. Langenbacher
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana Board of Firefighting and Personnel Standards,

*Appellant,*

v.

John T. Cline,

*Appellee.*

January 17, 2018

Court of Appeals Case No.
49A04-1707-PL-1670

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-1604-PL-12184

**Bailey, Judge.**

# Case Summary

[1] The State of Indiana Board of Firefighting and Personnel Standards ("the Board") appeals the trial court's denial of the Board's motion to dismiss the petition for judicial review filed by John T. Cline ("Cline"). The Board presents the sole issue of whether the trial court was required to dismiss the petition for judicial review when Cline failed to timely file the agency record. We reverse.

# Facts and Procedural History

[2] On October 6, 2014, the Indiana Department of Homeland Security ("the IDHS"), as records custodian for the Board, received an anonymous letter regarding Cline, who was then serving as the Deputy Fire Chief of the Sellersburg Volunteer Fire Department ("the Department"). The letter contained accusations that Cline had pled guilty to charges of Child Exploitation and Possession of Child Pornography and had received an eight-year sentence, almost fully-suspended. The enclosed Chronological Case Summary indicated that Cline had been charged with the commission of criminal conduct in 1999 and had pled guilty in 2001 to one Class C felony and one Class A misdemeanor.

[3] On November 3, 2014, the Board met and voted to revoke the following firefighting certifications possessed by Cline: Driver Operator Mobile Water Supply; Fire Inspector I/II; Fire Investigator; Fire Officer I and II; First Class Firefighter; Hazmat Awareness, Operations and Technician; Instructor I;

Second Class Firefighter; Strategy and Tactics; and Technical Rescue Awareness. (App. Vol. II, pg. 129.)[1] Cline was notified of the revocation order, and filed a petition for administrative review.[2] On December 8, 2014, Cline was re-elected to a four-year term as Deputy Chief for the Department.

[4] On July 17, 2015, an Administrative Law Judge of the IDHS ("the ALJ") issued a non-final decision reversing the Board's revocation of Cline's certifications. The Board issued a letter to the parties requesting their submissions of briefs addressing five questions. On March 14, 2016, following the submission of briefs, the Board issued a final order, adopting in part and reversing in part the ALJ decision, and revoking Cline's firefighting certifications.

[5] On April 7, 2016, Cline filed a petition for judicial review; the agency record was due on May 9, 2016.[3] On May 2 or 3, 2016, Cline's counsel called the

---

[1] The appealed order states that the revoked certifications are not required for Cline to continue his employment, fire certifications are voluntary and the necessity therefor may be waived by a majority vote of the Department's Board of Directors; thus, "the status of Cline's employment with the Department will require a determination by the Department Board, and is not an immediate result of the certification revocations." (App. Vol. II, pg. 248.) However, the Department By-Laws require that an officer have a Fire Officer II certification. Even if Cline served out his elected term, he would be ineligible to run for election again, without the requisite certification or a Board waiver.

[2] The revocation action was based upon 655 IND. ADMIN. CODE § 1-1-7(b)(2) providing in relevant part: "The [State Board] may take action with respect to the … certification of any fire service person … in accordance with the provisions of IC 4-21.5-3-6 and IC 22-12-7-7(4) upon information provided to the [State Board] that the fire service person has: been convicted of an offense if the acts that resulted in the conviction have direct bearing on whether or not the person shall be entrusted to perform the activities permitted under any certification held by the fire service person[.]" Certain convictions are specified, including child molestation. *See id.*

[3] The thirtieth day fell on Sunday, May 8, 2016.

Board's counsel and left a message to inquire about the status of the record. A day later, the Board's counsel advised that the record would be available that week or the following week.

[6] On Friday afternoon, May 6, 2016, at around 3:00 p.m., Cline's counsel received a message from counsel for the IDHS stating that the agency record was ready. Cline's counsel decided to pick up the record, as opposed to having it mailed. On Monday, May 9, 2016 – the day the agency record was due – Cline's counsel picked it up from the IDHS office. However, he did not file the record until May 10, 2016.

[7] The Board moved to dismiss Cline's petition for judicial review, based on the failure to timely file the record, and Cline filed a response in opposition. On June 7, 2016, the trial court issued an order denying the motion to dismiss. The trial court acknowledged that the filing of the agency record had been one day late, but concluded that dismissal was not mandatory:

> Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is *cause for dismissal* of the petition for review. …" IND. CODE § 4-21.5-5-13(b) (emphasis added). While the untimely filing of the agency record might be cause for dismissal, dismissal is not warranted in this case. Cline filed the record only one day late. The Board has not contended that it suffered any prejudice from the one-day delay. The Act does not mandate dismissal for failure to meet the filing deadline, so it is within this Court's discretion to allow the petition to move forward despite the one-day delay in filing.

(App. Vol. II, pgs. 19-20).  The Board's motion to reconsider was denied.  Its motion for substitution of a properly paginated agency record was granted.

[8]     The parties appeared for a hearing on January 24, 2017, at which argument of counsel was heard.  On June 29, 2017, the trial court issued its order declaring the Board's revocation order invalid and remanding the matter for further proceedings.  The trial court concluded that the revocation of Cline's certifications had been arbitrary and capricious because the Board had failed to comply with statutory procedures.[4]  The Board now appeals, challenging the denial of its motion to dismiss.

# Discussion and Decision

## Standard of Review

[9]     We review de novo a trial court's ruling on a motion to dismiss for failure to timely file necessary agency records where the court has ruled on a paper record.  *Wayne County Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29*, 847 N.E.2d 924, 926 (Ind. 2006).

---

[4] In part, the trial court concluded:  "The Final Order does not contain any discussion that indicates the State Board examined the acts that gave rise to Cline's convictions.  Moreover, the Final Order does not contain any discussion to show if or how those acts have any bearing on the activities permitted under Cline's certifications."  (App. Vol. II, pg. 17.)

# Analysis

The Administrative Orders and Procedures Act ("AOPA") governs administrative proceedings and judicial review of decisions of the Board. *See* Ind. Code § 4-21.5-3-6; 22-12-7-7(4). A person aggrieved by an agency action may file a petition for review in the trial court, and may show that the agency action was invalid by demonstrating the party was prejudiced by an agency action that was:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

> (2) contrary to constitutional right, power, privilege, or immunity;

> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

> (4) without observance of procedure required by law; or

> (5) unsupported by substantial evidence.

*Teaching our Posterity Success v. Ind. DOE*, 20 N.E.3d 149, 151 (Ind. 2014) (citing I.C. § 4-21.5-5-14) [hereinafter "*TOPS*"].

Indiana Code Section 4-21.5-5-13 governs the transmittal of the agency record to the trial court. Subsection (c) provides in relevant part: "Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner." Subsection (a) requires that,

"[w]ithin thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action[.]" Subsection (b) addresses extensions of time and the availability of dismissal:

> An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

[12] The Board contends "it is a bright line rule that a petitioner seeking judicial review under AOPA must file the complete administrative record within 30 days of filing the petition or within an extension of time granted by the trial court." Appellant's Brief at 10. The Board directs our attention to *TOPS* for the proposition that dismissal is mandatory when filing is untimely. In response, Cline argues that there is a narrow exception to the bright-line rule of *TOPS*, and that his circumstances fall within the exception. He argues that he has prevailed on the merits and should not be penalized for a one-day late filing of the agency record. He directs our attention to *Indiana Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367 (Ind. 2010) [hereinafter "*Meyer*"].

[13] In denying the Board's motion to dismiss Cline's petition, the trial court considered *TOPS* and *First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757 (Ind.

2014) (handed down on the same day and citing *TOPS*.) The *Robertson* decision reversed the denial of a motion to dismiss a petition for judicial review where the petitioner had attached documents to its petition for judicial review but failed to file a certified agency record. *See id.* at 762-63. However, the trial court herein distinguished those decisions on the basis that "both cases addressed situations where the petitioners wholly failed to file an agency record for the reviewing court to consider." (App. Vol. II, pg. 48.) The trial court concluded that neither case stood "for the proposition that a trial court must dismiss a petition for judicial review when the petitioner files the agency record late." (App. Vol. II, pg. 48.)

[14] The *TOPS* Court initially explained its holding thus:

> Resolving a long-standing lack of consensus on the subject, today we hold that a petitioner seeking judicial review of an agency action must file with the trial court the agency record as defined by [AOPA]. Failure to do so results in dismissal of the petition.

20 N.E.3d at 150. The case did, as the trial court observed, involve a complete failure to file an agency record. Yet the *TOPS* Court discussed, at some length, the *Meyer* case, in which four justices had agreed that the trial court could not extend the statutory filing deadline absent a timely motion.

[15] The parties to the *TOPS* appeal were the Indiana Department of Education ("the DOE") and TOPS, an educational services provider. TOPS was removed from a provider list and was unsuccessful in achieving reinstatement during administrative proceedings. *See id.* TOPS filed a petition for judicial review but

did not file an official agency record or request an extension of time to do so. *See id*. at 150-51. The petition for judicial review was dismissed, TOPS appealed, and a panel of this Court reversed the dismissal and remanded for statutorily-mandated findings and conclusions to accompany the final order. *See id*. at 151. On remand, the trial court determined that a timely filed agency record was not necessary because the letter deemed to be a final agency order was facially defective. The DOE sought transfer, which our supreme court granted "to address the question of whether an official agency record is required to adjudicate a petition for review under [AOPA]." *Id.*

[16] The Court observed that both the DOE and TOPS supported their respective positions by relying on the evenly-divided decision in *Meyer*. *TOPS*, 20 N.E.3d at 153. The Court then summarized the *Meyer* decision:

> *Meyer* involved a Medicaid claimant's appeal of the Family and Social Services Administration's ("FSSA") decision to deny her benefits. Meyer appealed the decision, contending the agency's final order was erroneous in part because it was based on a clerical error in the valuation of Meyer's assets. Meyer attached to her petition for judicial review copies of several agency documents including the final action and the ALJ's decision. Although Meyer had been granted an extension of time in which to file the agency record as permitted by statute, she failed to file the record within the extended time period. [927 N.E.2d] at 369. After time to file the record had expired, FSSA answered Meyer's petition and admitted the valuation error. *Id*. Four weeks after filing its answer, FSSA moved to dismiss the petition on the grounds that Meyer had failed to file the agency record timely. The trial court then granted Meyer's petition to extend retroactively the time period for filing the record, and Meyer

thereafter filed the agency record. FSSA appealed and in a divided opinion the Court of Appeals affirmed the judgment of the trial court. *See Ind. Family & Soc. Svcs. Admin. v. Meyer*, 900 N.E.2d 74, 80 (Ind. Ct. App. 2009).

On transfer this Court was unanimous in holding that the relevant provisions of AOPA do not permit untimely filing of the agency record or *nunc pro tunc* extensions of the filing deadline. *See Meyer*, 927 N.E.2d at 370, 372. Reviewing the statutory language "[f]ailure to file the record within the time permitted by this subsection … is cause for dismissal …" the Court found that "the statute is clear" in placing the responsibility on the petitioner to file the agency record timely, and that any request for an extension of time must be made within the statutory time period. *Id.* at 370, 371.

. . .

Two important facts distinguish *Meyer* from the case before us and from most AOPA appeals. First, the contested issue was the existence of what was essentially an arithmetic error in the agency decision, albeit one that affected the outcome. Second, and most importantly, the State *conceded its error* on the contested issue before it moved to dismiss for lack of a record. So to the extent *Meyer* represents the possibility of an exception to the filing requirement, thus triggering the permissive "cause for dismissal" language in Indiana Code section 4-21.5-5-13(b), any such exception is extremely narrow.

*TOPS*, 20 N.E.3d at 153-54.

[17]  The *TOPS* Court went on to recognize that, despite the lack of a majority opinion in *Meyer*, "[a]ll four justices in *Meyer* agreed that the trial court lacked authority to extend the filing deadline for an agency record that was not filed

within the required statutory period or an authorized extension thereof." 20 N.E.3d at 155. The Court reviewed the reasoning underlying that conclusion in *Meyer* (that is, "the purpose of AOPA section 13 is to ensure that the review of agency action proceeds in an efficient and speedy manner, and that the reviewing trial court has access to the record before rendering its decision" and "the filing requirement also ensures that no relevant evidence or materials are hidden"). *Id.* The Court then clarified "This reasoning applies with equal force to a requirement that the official agency record must be filed with the trial court in order for judicial review to proceed." *Id.*

Finally, the *TOPS* Court announced its intention to adopt a bright-line rule:

> In sum we hold a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed. In our view this bright-line approach best serves the goals of accuracy, efficiency, and judicial economy.

*Id.*

Subsequently, in *Allen Cty. Plan Comm'n v. Olde Canal Place Ass'n*, 61 N.E.3d 1266 (Ind. Ct. App. 2016), a panel of this Court applied that bright-line rule to hold that dismissal is mandatory when a petitioner fails to timely file the agency record. The trial court had granted Old Canal Place Association ("OCPA") an extension of time to file an agency record but OCPA did not file the agency record by the extended deadline. *See id.* at 1270. The opposing party, MRK, filed a motion to dismiss but OCPA then filed a complete agency record, eight

days late. The matter was dismissed and OCPA filed a Trial Rule 60(B)(1) motion. The trial court granted the motion, reinstated the case, and MRK appealed. We held that the trial court's action setting aside the dismissal was an "empty exercise," explaining:

> In *Robertson* and *TOPS*, our Supreme Court … set forth a bright-line rule. Specifically, the Court held that the statutory language makes dismissal mandatory when the agency record is not timely filed. *TOPS*, 20 N.E.3d at 155 (holding that "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed"); *Robertson*, 19 N.E.3d at 762-63 (same). Additionally, in *TOPS*, the Court reaffirmed its prior holding that "the relevant provisions of AOPA do not permit untimely filing of the agency record or *nunc pro tunc* extensions of the filing deadline." *TOPS*, 20 N.E.3d at 153 (quoting [*Meyer*], 927 N.E.2d 367, 372 (Ind. 2010)). . . .
>
> Because OCPA is not permitted to belatedly file the Record, the Record is not, and will never be, properly before the trial court. Without the Record, OCPA's petition cannot be considered.

*Allen Cty.*, 61 N.E.3d at 1269-70.

[20] The law is thus clear. Our Indiana Supreme Court has examined the relevant statutory language, balanced the preference for deciding cases on the merits against the need for judicial efficiency, and concluded that this "bright-line approach best serves the goals of accuracy, efficiency, and judicial economy." *TOPS*, 20 N.E.3d at 155.

[21] Cline recognizes the bright-line rule but argues that our legislature must have intended that its statutory language be "applied logically and not to bring about

an unjust or absurd result." Appellee's Brief at 9. He asserts that his case is similar to that of *Meyer*, because the Board is not undertaking on appeal to contest the merits of the trial court's decision. To the extent that *Meyer* and *TOPS* recognize a very limited exception where AOPA proceedings might continue without a timely-filed agency record, this precedent is not helpful to Cline.

[22] *Meyer* involved extraordinarily unusual circumstances, where a mathematical error had already been conceded by the party moving for dismissal. Thus, the trial court, and the appellate courts, were not dependent upon a later-filed agency record to reach the merits of the case and ascertain whether the appealed decision was erroneous. *See TOPS*, 20 N.E.3d at 154. Here, at most, Cline has shown procedural error on the part of the Board in failing to make more specific findings. The Board has not conceded error in the certification revocation decision, and the trial court could not reach the merits of that decision without an agency record.

[23] To effect statutory compliance, Cline was required to file the agency record or file a motion for an extension of time by May 9, 2016. He did not do so and the trial court should have dismissed the petition for judicial review.

# Conclusion

[24] The Board has demonstrated its entitlement to dismissal of Cline's petition for judicial review.

Reversed.


Pyle, J., concurs.
Kirsch, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana Board of Firefighting and Personnel Standards, <br> *Appellant,* <br><br> v. <br><br> John T. Cline, <br> *Appellee.* | Court of Appeals Case No. 49A04-1707-PL-1670 |

**Kirsch, Judge, concurring, with separate opinion.**

I concur, albeit with much reluctance. As the trial court noted, the filing of the record was only one day late, and no party sustained any prejudice from the delay. When the delay is minimal, and when no prejudice results, courts should chastise the tardy filer but should then decide the case on the merits or on the lack thereof.

In *Teaching our Posterity Success v. Ind. DOE*, 20 N.E.3d 149, 151 (Ind. 2014), however, our Supreme Court set forth as a "bright line rule" that a petitioner seeking judicial review "must file the complete administrative record within thirty days of filing the petition or within an extension of time granted by the trial court." It is that bright line rule that we apply here.