## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 09 2019, 5:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Mark C. Webb
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Indiana Alcohol and Tobacco Commission,

*Appellant-Respondent,*

v.

PNC Bancorp, LLC,

*Appellee-Petitioner.*

July 9, 2019

Court of Appeals Case No. 18A-MI-2522

Appeal from the Marion Superior Court

The Honorable Tim Oakes, Judge

Trial Court Cause No. 49D02-1801-MI-898

**Friedlander, Senior Judge.**

[1] Appellant Indiana Alcohol and Tobacco Commission (the Commission) brings this interlocutory appeal of the trial court's denial of its motion to dismiss PNC

Bancorp, LLC's (PNC) amended petition for judicial review. Concluding that PNC's failure to timely file the agency record precludes judicial review of the Commission's decision, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

[2] The Commission denied PNC's application for renewal of its permit to sell alcoholic beverages. On January 9, 2018, PNC filed a petition for judicial review of the Commission's decision. Pursuant to statute, the agency record, or a request for an extension of time to file the record, was due to be filed on or before February 8. *See* Ind. Code § 4-21.5-5-13(a) (2004). This deadline passed without PNC filing the record or requesting an extension of time.

[3] On February 21, PNC belatedly filed a motion for enlargement of time to file the agency record. In response, the Commission filed a motion to dismiss PNC's petition arguing that PNC had failed to timely file either the agency record or a request for an extension of time. The trial court denied the Commission's motion and granted PNC an extension of time through and including March 31. PNC filed a second motion for enlargement of time to file the record on March 29, which the Commission also opposed. The trial court proceedings between the end of March and July are not entirely clear from the record on appeal, but, during that time, PNC obtained new counsel.

[4] On July 23, PNC filed an amended petition for judicial review, to which it attached the agency record. As before, the Commission filed a motion to dismiss PNC's petition, which the trial court denied. Upon the Commission's

motion, the court certified its order for interlocutory appeal, and this Court granted the Commission's motion to accept interlocutory jurisdiction.

[5] We review de novo a trial court's ruling on a motion to dismiss for failure to timely file necessary agency records where the court ruled on a paper record. *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014).

[6] The Administrative Orders and Procedures Act (AOPA) governs the proceedings and judicial review of decisions of the Commission. *See* Ind. Code §§ 4-21.5-1-3 (1995) (providing that Commission is an agency under article 21.5), 4-21.5-2-0.1 (2011) (providing that article 21.5 governs all proceedings and all proceedings for judicial review of agency action). A person aggrieved by an action of the Commission may file a petition for review in the appropriate trial court. *See* Ind. Code § 4-21.5-5-2 (1986).

[7] Once a petitioner has filed its petition for judicial review under Indiana Code section 4-21.5-5-2, it must comply with the filing requirements for the agency record. In that regard, Indiana Code section 4-21.5-5-13 provides in pertinent part:

> (a) *Within thirty (30) days* after the filing of the petition, or within further time allowed by the court or by other law, *the petitioner shall transmit to the court* the original or a certified copy of the agency record for judicial review of the agency action . . . .

> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain

the record from the responsible agency within the time permitted by this section is good cause. *Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition* for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(Emphasis added).

[8] Here, PNC filed its petition for judicial review of the Commission's decision on January 9, 2018. Thus, pursuant to Section 13, the agency record, or a request for an extension of time to file the record, was due to be filed on or before February 8. This deadline passed without PNC filing the record or a request for more time. On February 21—thirteen days *after* the record was due to be filed—PNC filed a motion for enlargement of time to file the record of proceedings, which the trial court granted.

[9] On appeal, the Commission contends the trial court erred by not granting its motion to dismiss PNC's petition because PNC failed to timely file the record. Citing Trial Rule 15, PNC claims its filing of an amended petition with the agency record attached on July 23 relates back to the date of filing of its original petition for judicial review, thus making its filing of the record timely. Therefore, the crux of this appeal is: whether the AOPA required the court to deny PNC's petition for an extension of time to file the record when the petition was filed after the time for filing the record or a request for an extension had expired.

[10] In *Indiana Family and Social Services Administration v. Meyer*, 927 N.E.2d 367 (Ind. 2010), our supreme court interpreted the AOPA requirement of filing the agency record set forth in Indiana Code section 4-21.5-5-13. The court stated, "We believe the statute is clear. The statute places on the petitioner the responsibility to file the agency record timely. Although the statute allows a petitioner to seek extensions of time from the trial court . . . the statute does not excuse untimely filing or allow *nunc pro tunc* extensions." *Id.* at 370. Further, the trial court may grant a request for an extension under this section "only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension." *Id.* at 370-71. Citing its decision in *Meyer*, the court more recently confirmed that trial courts lack the "authority to extend the filing deadline for an agency record that was not filed within the required statutory period or an authorized extension thereof." *Teaching Our Posterity Success, Inc.*, 20 N.E.3d at 155. The court also clearly established a bright-line approach to the filing of an agency record by holding that a petitioner cannot obtain consideration of its petition where the agency record, as defined by statute, has not been filed. *Id.*

[11] As confirmed by our supreme court, the statute plainly mandates that the agency record or a motion for an extension of time must be filed within thirty days of the filing of the petition, and the trial court may not extend this statutory filing deadline or retroactively grant an extension. Accordingly, the trial court in this case lacked the authority to grant PNC's February 21 motion for enlargement of time. Under the statute, PNC was required to file the

agency record or file a motion for an extension of time by February 8, 2018; it did not do so. Therefore, the trial court should have dismissed PNC's petition for judicial review.

[12] Finally, for the reasons explained above, we reject PNC's claim under Trial Rule 15 that the relation back doctrine cures the tardiness of the agency record that it attached to its amended petition filed in July. Moreover, it has been noted that after a filing deadline has passed, a party is not permitted to amend a petition to cure its procedural defects. *Town of Pittsboro Advisory Plan Comm'n v. Ark Park, LLC*, 26 N.E.3d 110 (Ind. Ct. App. 2015).

[13] Judgment reversed and remanded for further proceedings consistent with this opinion.

Robb, J., and Bradford, J., concur.