

IN THE

# Court of Appeals of Indiana

Callie R. Burke,

*Appellant-Plaintiff*



FILED

Jan 28 2026, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Indiana Department of Correction and Indiana State Personnel
Department,

*Appellees-Defendants*

---

January 28, 2026

Court of Appeals Case No.
25A-MI-1313

Appeal from the La Porte Circuit Court

The Honorable Julianne K. Havens, Judge

Trial Court Cause No.
46C01-2401-MI-13

---

**Opinion by Chief Judge Tavitas**
Judges Bailey and Kenworthy concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] Callie Burke appeals the trial court's dismissal of her petition for judicial review. Burke was terminated from her employment with the Indiana State Prison. She appealed her termination to the warden of the State Prison, then the State Personnel Department ("SPD"), and finally to the State Employees' Appeals Commission ("SEAC"). After SEAC dismissed Burke's complaint, Burke filed a petition for judicial review pursuant to the Indiana Administrative Orders and Procedures Act ("AOPA"), but she failed to timely file the agency record, and the trial court dismissed the petition.

[2] On appeal, Burke argues that the trial court erred by dismissing her petition for judicial review. But our Supreme Court's opinion in *Teaching Our Posterity Success, Inc. ("TOPS") v. Indiana Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014), requires the dismissal of Burke's petition for judicial review. Accordingly, we conclude that the trial court properly dismissed the petition for judicial review.

[3] Burke further argues that her petition also presented a claim for declaratory judgment, which the trial court erred by dismissing. We agree that, under notice pleading requirements, Burke's initial petition for judicial review also included a claim for declaratory judgment. We conclude, however, that Burke's classification argument could have been presented through the AOPA and judicial review process. The trial court, thus, properly dismissed that claim as part of the petition for judicial review. Burke's argument regarding the facial

constitutionality of the Civil Service Reform Act, however, could not have been resolved by SEAC. Accordingly, we conclude that this claim may proceed, and the trial court erred by dismissing it. We affirm in part, reverse in part, and remand.[1]

## Issues

Burke raises several issues, which we consolidate and restate as:

> I. Whether the trial court erred by dismissing Burke's petition for judicial review due to her failure to timely file the agency record.

> II. Whether the trial court erred by failing to consider Burke's claims for declaratory relief.

## Facts

Burke began working for the Indiana State Prison in May 2016. In November 2016, she began working as a correctional police officer and investigator. The Indiana Department of Correction ("IDOC") terminated Burke's employment on April 10, 2023, because she "failed to appropriately report and document information [she] received, as well as appropriately reporting the use/possession of a cellular device" by an inmate. Appellees' App. Vol. II p. 30.

---

[1] We held oral argument in this matter on December 16, 2025. We thank counsel for their presentations.

Burke filed a Civil Service Employee Complaint, asserting her termination was wrongful, and seeking reinstatement of her employment. The warden of the Indiana State Prison denied Burke's complaint and noted: "IC 4-15-2.2-24(a)-(b) provides that 'an employee in the unclassified service is an employee at will and . . . may be dismissed, demoted, disciplined, or transferred for any reason that does not contravene public policy.' The information [Burke] provided does not show that the reason for [her] dismissal is one which contravenes public policy." *Id.*

The State Personnel Director ("Director") then reviewed Burke's complaint. The Director concluded that: (1) Burke was an at-will employee and could be dismissed for any reason that did not contravene public policy; (2) Burke's dismissal did not contravene public policy; and (3) Burke failed to identify a law, rule, or policy allegedly violated by the IDOC.

Burke appealed to SEAC, and in June 2023, SEAC entered a notice of proposed dismissal for lack of jurisdiction under Indiana Code Section 4-15-2.2-42(e). SEAC noted that Burke was "an unclassified Investigator III with the Indiana State Prison" and that Burke had not identified a public policy exception to her at-will employment, which is required for an unclassified employee. *Id.* at 43.

Burke filed a response and argued that she met her burden of establishing jurisdiction. But SEAC entered a final order on December 20, 2023, and dismissed Burke's complaint because it "lack[ed] statutory jurisdiction."

Appellant's App. Vol. II p. 27. SEAC determined that Burke "failed to identify a recognized public policy exception to her at-will employment as required by the Civil Service Statute." *Id.* SEAC found:

> First, Petitioner argues that she should not be classified as an "at-will" (unclassified) employee under the civil service system (I.C. [Chapter] 4-15-2.2). However, pursuant to § 4-15-2.2-15(7) it is the responsibility of the State Personnel ("SPD") Director to allocate each position in the state civil service to its proper class. Pursuant to I.C. 4-15-2.2-26(d)(1) and (2) the SPD Director periodically shall review positions in the state civil service and reallocate to the proper classes . . . .

> The State Employees' Appeals Commission ("SEAC") is authorized to hear and investigate those appeals from state employees as set forth in I.C. § 4-15-2.2-42 . . . . *See* I.C. § 4-15-1.5-6(1). The civil service system statute allows classified employees to appeal a dismissal, demotion, or suspension under I.C. § 4-15-2.2-42. *See* I.C. § 4-15-2.2-23(b). An unclassified employee may be dismissed, demoted, disciplined, or transferred for any reason that does not contravene public policy. I.C. § 4-15-2.2-24(b).

> The civil service statute does not authorize SEAC to review how the SPD Director has allocated state employees' position[s] within the civil service. Nor does Petitioner point out any such authority. An administrative agency has only those powers conferred on it by the legislature. *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1257 (Ind. 2000).

> Further, the civil service statute does not provide the civil service complaint process as an avenue for state employees to challenge their classification in the civil service. (*See* I.C. [Chapter] 4-15-2.2). As such, Petitioner's argument that she should [be] allowed

to proceed on her civil service complaint before SEAC to pursue her claim that she should be a classified employee instead of an unclassified employee fails.

* * * * *

Petitioner has not argued or brought forth any further claim in her response to the Notice. Consequently, Petitioner has failed to state a policy exception to her at will employment as was noted in the Notice.

*Id.* at 27-28.

On January 3, 2024, Burke filed a "Petition for Judicial Review." Appellant's App. Vol. II p. 15. Burke challenged her classification and sought discovery to determine how the SPD Director makes classification determinations. Burke also argued that the Civil Service Reform Act, which was adopted in 2011, violated the Indiana Constitution's Single-Subject Clause, which states: "An act, except for the codification, revision or rearrangement of laws, shall be confined to one (1) subject and matters properly connected therewith." Ind. Const. Art. 4, § 19. Burke requested "judicial review regarding the interpretation of the term 'classified service' per I.C. § 4-15-2.2-21(a), the SPD Director's discretion to add positions to that classification, and whether Indiana's Civil Service 'Reform' Act abided by the Single Subject Clause of the Indiana Constitution. In short, Plaintiff requests a holistic determination as to whether her termination from the IDOC without Due Process was proper." Appellant's App. Vol. II p. 25.

The State filed a response to the "Petition for Judicial Review." Burke, however, did not timely file the agency record. In June 2024, the State filed a motion to dismiss the "Petition for Judicial Review" because Burke failed to timely file the agency record. Burke responded that dismissal was not required and that the agency record was not required to address the issues in the case. On August 1, 2024, Burke filed the agency record.

On January 21, 2025, the same day as a hearing on the motion to dismiss, Burke filed a motion for leave to amend her "Petition for Judicial Review" to "more fully lay out a count for Declaratory Judgment." Appellees' App. Vol. II p. 59. The State objected to Burke's motion for leave to amend her "Petition for Judicial Review." The State argued that the AOPA is the exclusive means for judicial review of an agency action, and filing a declaratory judgment action is not a suitable alternative to an AOPA action.

On February 28, 2025, the trial court entered an order dismissing Burke's "Petition for Judicial Review" and denying her motion for leave to amend "Petition for Judicial Review." The trial court found:

> 6. Here, the Plaintiff failed to file the agency record by February 2, 2024, nor requested an extension of time within which to do so. Instead, the agency record was produced and filed with the Court six (6) months after the deadline.

> 7. The bright-line approach of the Indiana Supreme Court appears to establish that if an administrative record reaches the trial court in a way outside the mandatory rules and deadlines, then the record is procedurally defective, and therefore is not

properly before the trial court. Should this occur, the trial court cannot consider the petition. *Allen County Plan Commission v. Olde Canal Place Assoc.*, 61 N.E.3d 1266 (Ind. Ct. App. 2016); *see also TOPS*[, 20 N.E.3d] at 155.

8. The Motion to Dismiss filed by Defendants herein is well-taken. The Plaintiff was required to file the agency record or request an additional extension of time by February 2, 2024, but failed to do so. Therefore, this Court has no jurisdiction to further hear the ["Petition for Judicial Review"]. This action must be dismissed.

Appellant's App. Vol. II pp. 13-14. Burke filed a motion to correct error, which was deemed denied. Burke now appeals.

## Discussion and Decision

### I. Overview of the Civil Service System

[14] Prior to July 2011, the Indiana State Personnel Act served as the framework for human resource management for state employees. *See* Ind. Code Chapter 4-15-2 (repealed). As part of the Civil Service Reform Act, effective July 1, 2011, the Legislature replaced the Indiana State Personnel Act with the State Civil Service System codified at Indiana Code Chapter 4-15-2.2. The State Civil Service System is divided into classified service and unclassified service. I.C. § 4-15-2.2-20.

The State Personnel Director determines whether a state employee is in the classified service or unclassified service. At the time of Burke's termination, Indiana Code Section 4-15-2.2-26[2] provided:

> (a) The [State Personnel Director], after consulting with appointing authorities and other qualified authorities, shall determine, or cause to be determined, the authority, duties, and responsibilities of all positions in the state civil service.
>
> (b) The director shall prepare a classification plan that groups all positions in the state civil service in classes, based on the authority, duties, and responsibilities of each position. The classification plan must set forth, for each class of positions, the class title and a statement of the authority, duties, and responsibilities of the class. Each class of positions may be subdivided, and classes may be grouped and ranked in such manner as the director considers appropriate.
>
> * * * * *
>
> (d) The director periodically shall:
>
> > (1) review the positions in state civil service; and
> >
> > (2) reallocate the positions to the proper classes based on the duties and responsibilities of the positions at the time of the review under subdivision (1).

---

[2] Indiana Code Section 4-15-2.2-26 was amended effective July 1, 2025. The prior version is quoted here. Under the amendments, subsections (a) and (b) remained the same, and subsection (d) was moved to subsection (c).

[16]    A "classified employee" is defined as an employee who "(1) has been appointed to a position in the state classified service; (2) has completed the working test period under section 34 of this chapter[3]; and (3) has been certified by the appointing authority for that classification of positions."  I.C. § 4-15-2.2-4.  Generally, classified employees hold positions that have "a federal statutory or regulatory requirement for the establishment and maintenance of personnel standards on a merit basis . . . ."  I.C. § 4-15-2.2-21(a) (listing eleven federal programs that require state employees implementing the programs to be employed on a merit basis).  Classified employees can only be dismissed for just cause and are entitled to appeal their dismissal.  I.C. § 4-15-2.2-23.

[17]    An unclassified employee is a state employee not in the state classified service.  I.C. § 4-15-2.2-22(a).  The "unclassified service is separate from the state classified service," and "[e]xcept as expressly provided in this chapter, the human resource management systems applicable to the state classified service do not apply to the unclassified service."  I.C. § 4-15-2.2-22.  An unclassified employee is an "employee at will and serves at the pleasure of the employee's appointing authority."  I.C. § 4-15-2.2-24(a).  An unclassified employee "may be dismissed, demoted, disciplined, or transferred for any reason that does not contravene public policy."  I.C. § 4-15-2.2-24(b).

---

[3] The working test period involves a full performance appraisal of the employee's work.  I.C. § 4-15-2.2-34(a).

[18]     "An employee in the state civil service system may file a complaint concerning the application of a law, rule, or policy to the complainant."  I.C. § 4-15-2.2-42(a).  This administrative complaint "must identify the law, rule, or policy that was allegedly violated."[4]  I.C. § 4-15-2.2-42(b).  Unclassified employees may only appeal a dismissal to the SEAC under the following conditions:

> An unclassified employee must establish that [SEAC] has subject matter jurisdiction to hear the employee's wrongful discharge claim by establishing that **a public policy exception to the employment at will doctrine** was the reason for the employee's discharge.  The former employee has the burden of proof on this issue.

I.C. § 4-15-2.2-42(f) (emphasis added).  A public policy exception to at-will employment protects an employee "exercising a clear statutory right or obeying

---

[4] The following complaint procedure is established:

Step I:  The complainant shall reduce the complaint to writing and present the complaint to the appointing authority or the appointing authority's designated representative.  The appointing authority or designee shall conduct any investigation considered necessary and issue a decision, in writing, not later than fifteen (15) calendar days after the date the appointing authority receives the complaint.

Step II:  If the appointing authority or the appointing authority's designated representative does not find in favor of the complainant, the complainant may submit the complaint to the director not later than fifteen (15) calendar days after the date of the appointing authority's finding.  The director or the director's designee shall review the complaint and issue a decision not later than thirty (30) calendar days after the date the complaint is submitted to the director.

Step III:  If the employee is not satisfied with the director's decision, the employee may submit an appeal in writing to the commission not later than fifteen (15) calendar days after the date the employee receives notice of the action taken by the director or the director's designee.  The commission shall determine whether all previous steps were completed properly and in a timely manner, and, subject to subsection (f), whether the employee and subject of the complaint meet the jurisdictional requirements.  If a procedural or jurisdictional requirement is not met, the commission shall dismiss the appeal. If the procedural and jurisdictional requirements have been met, the commission shall conduct proceedings in accordance with IC 4-21.5-3.

I.C. § 4-15-2.2-42(e).

a legal duty" from termination. *Perkins v. Mem'l Hosp. of S. Bend*, 141 N.E.3d 1231, 1235 (Ind. 2020). The public policy exception has been applied in several situations, including filing a worker's compensation claim, refusing to commit an illegal act, or testifying at an unemployment hearing. *Id.*

[19] Decisions of SEAC "are subject to judicial review in accordance with IC 4-21.5-3," which is part of the AOPA. I.C. § 4-15-2.2-42(h). Under the AOPA in effect when Burke filed her petition, we may set aside an agency's action if the "person seeking judicial relief has been prejudiced by an agency action that is":

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial evidence.

I.C. § 4-21.5-5-14(d) (2024).

## II.  Standard of Review

[20] "When we review an administrative agency's decision, we stand in the trial court's shoes." *Brookston Res., Inc. v. Dep't Nat. Res.*, 243 N.E.3d 1127, 1139 (Ind. Ct. App. 2024) (citing *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988,

991 (Ind. 2014)), *trans. denied*.  The trial court here granted a motion to dismiss Burke's "Petition for Judicial Review."  "The standard of appellate review for motions to dismiss under Rule 12(B) depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing."  *TOPS*, 20 N.E.3d at 151 (citing *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29,* 847 N.E.2d 924, 926 (Ind. 2006)).  "We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record."  *Id.*

### III.  The trial court properly dismissed the judicial review portion of Burke's "Petition for Judicial Review."

[21]  According to Burke, Burke's "Petition for Judicial Review" contained both a petition for judicial review and declaratory judgment claims.  We first address her argument that the trial court's dismissal of her "Petition for Judicial Review" on purely procedural grounds was improper.  At the time Burke filed her "Petition for Judicial Review," Indiana Code Section 4-21.5-5-13 of the AOPA provided:

> (a) **Within thirty (30) days after the filing of the petition**, or within further time allowed by the court or by other law, the **petitioner shall transmit to the court the original or a certified copy of the agency record** for judicial review of the agency action, consisting of:
>
>> (1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. **Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition** for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(emphasis added). Burke filed her "Petition for Judicial Review" on January 3, 2024, and she failed to file the agency record within thirty days. In fact, Burke did not file the agency record until August 2024.

[22] In *TOPS*, 20 N.E.3d at 155, our Supreme Court addressed a party's failure to timely file an agency record after filing a petition for judicial review. There, the petitioner "neither filed an official agency record nor requested an extension of time to do so." *Id.* at 151-52. The Court created a bright-line rule and held:

[A] petitioner for [judicial] review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed. In our view this bright-line approach best serves the goals of accuracy, efficiency, and judicial economy. Here because TOPS did not file the agency record as anticipated by

AOPA, the trial court properly dismissed its petition for judicial review.

*Id.* at 155 (footnote omitted).

[23] Similarly, in *First American Title Insurance Co. v. Robertson*, 19 N.E.3d 757, 763 (Ind. 2014), *amended on reh'g*, 27 N.E.3d 768 (Ind. 2015), First American failed to transmit the agency record to the trial court as anticipated by AOPA. First American, however, insisted "that the documents presented to the trial court were sufficient to decide whether the Commissioner's hearing order was void." *First American Title*, 19 N.E.3d at 762. Our Supreme Court applied the *TOPS* bright-line rule and held that, because First American did not file the agency record with the trial court, "its petition for judicial review cannot be considered." *Id.* at 763. The trial court, thus, erred by denying the Commissioner's motion to dismiss. *Id.*

[24] Burke argues that her failure to timely file the agency record does not mandate dismissal and that the trial court was not obligated to dismiss her "Petition for Judicial Review." Burke also contends that the agency record was not required because she "was not arguing a factual dispute that would require the Court to wade into the agency record[.]" Appellant's Br. p. 20. Burke, however, relies upon pre-*TOPS* decisions. *See id.* at 18-19. *TOPS* and *First American Title* definitively addressed these same arguments and rejected them. Based upon *TOPS*, the trial court was required to dismiss Burke's "Petition for Judicial Review."

[25] Next, Burke argues that the dismissal was based upon "a procedural requirement that the legislature had already deemed unworkable and had corrected through an amendment signed by the Indiana Governor long before the [S]tate's Motion to Dismiss was filed." *Id.* at 21. Effective July 1, 2024 (more than six months after Burke filed her "Petition for Judicial Review"), Indiana Code Section 4-21.5-5-13, which addresses transmittal of the agency record, was amended to require "the office or ultimate authority," rather than the petitioner, to transmit the agency record within thirty days after receipt of the petition for judicial review. I.C. § 4-21.5-5-13(a). According to Burke, "[a]llowing this dismissal to stand would ignore the legislature's clear intent to create a fairer process for judicial review and effectively deny Appellant her fundamental due process right to have her constitutional claims heard on the merits." Appellant's Br. p. 21.

[26] "Generally, a statute applies prospectively unless it expressly states otherwise." *Guzzo v. Town of St. John*, 131 N.E.3d 179, 180 (Ind. 2019). There is no language in Indiana Code Section 4-21.5-5-13 expressly suggesting these statutory amendments regarding the agency record apply retroactively. Accordingly, we apply the statutory changes prospectively only, and Burke's failure to timely file the agency record was fatal to her "Petition for Judicial Review."[5]

---

[5] In fact, we note that the amendments to the agency record requirement, which were effective July 1, 2024, were part of House Enrolled Act 1003-2024. Indiana Code Section 1-1-5.5-24(a), which was added as part of

## IV. The trial court erred by failing to address Burke's claim for declaratory relief.

[27] Next, Burke argues that her "Petition for Judicial Review" also requested declaratory relief, which should not have been dismissed. According to Burke, the declaratory relief concerned "the statutory interpretation of 'classified service' [ ], the SPD Director's discretion to add positions to that classification, the constitutionality of the [Civil Service Reform Act], and whether the [Civil Service Reform Act] abided by the Single-Subject Clause of the Indiana Constitution." Appellant's Br. p. 12.

[28] The trial court did not address these arguments because it dismissed Burke's "Petition for Judicial Review" for failure to file a timely agency record. Burke's "Petition for Judicial Review" did not specifically mention the term "declaratory relief." Burke attempted to amend the "Petition for Judicial Review" to "more fully lay out a count for Declaratory Judgment." Appellees' App. Vol. II p. 59. Burke's motion to amend, however, was denied, and Burke does not specifically appeal that denial.[6] Accordingly, this Court must determine: (1) whether Burke's "Petition for Judicial Review" included a claim

House Enrolled Act 1003-2024, specifically provides: "Except as provided in subsection (b), a SECTION of HEA 1003-2024 does not apply to an administrative proceeding or a proceeding for judicial review pending on June 30, 2024." Confusingly, although the remainder of the amendments in House Enrolled Act 1003-2024 were effective July 1, **2024**, the addition of Indiana Code Section 1-1-5.5-24 was effective July 1, **2025**. Thus, Indiana Code Section 1-1-5.5-24 was not effective until after the trial court's order here. Regardless, however, this statute reinforces our view that the agency record amendments apply only prospectively.

[6] Burke raised this argument for the first time in her Reply Brief, p. 17. An argument raised for the first time in a reply brief is waived. *Lockerbie Glove Co. Town Home Owner's Ass'n, Inc. v. Indianapolis Historic Pres. Comm'n*, 194 N.E.3d 1175, 1184 n.7 (Ind. Ct. App. 2022).

for declaratory relief; and (2) whether Burke's arguments could be presented in a request for declaratory judgment.

### 1. Burke's "Petition for Judicial Review" raised a claim for declaratory judgment.

[29] Our Supreme Court has held that a judicial review petitioner may also include a declaratory judgment claim in the complaint. *See ResCare Health Servs., Inc. v. Ind. Fam. & Soc. Servs. Admin.*, 184 N.E.3d 1147 (Ind. 2022) (holding that a judicial review petitioner was not required to file a separate complaint to raise a declaratory judgment claim). The issue is, thus, whether Burke pleaded a declaratory judgment claim in her "Petition for Judicial Review." Under our notice pleading standards, "[a]ll that was required was pleading the operative facts necessary to set forth an actionable claim . . . ." *Id.* at 1154.

[30] Under the Declaratory Judgment Act, "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Ind. Code § 34-14-1-2. Burke's "Petition for Judicial Review" did not explicitly mention declaratory relief. Burke, however, challenged her classification. Additionally, she sought to determine how the SPD Director makes classification determinations. Burke also argued that the Civil Service Reform Act, which was adopted in 2011, violated the Indiana Constitution's Single Subject Clause. Accordingly, Burke was challenging her rights under the Civil Service Reform Act. Under our notice pleading standards, we conclude that Burke pleaded the

operative facts in her "Petition for Judicial Review" necessary to present a declaratory judgment claim.

## 2. Only Burke's constitutional claim could be presented in the declaratory judgment action.

[31] Although we conclude that Burke presented a declaratory judgment claim in her "Petition for Judicial Review," we must also determine whether the claims at issue were properly presented through a declaratory judgment claim or were required to be presented as part of her "Petition for Judicial Review." The AOPA's judicial review procedures "establish[ ] the exclusive means for judicial review of an agency action." Ind. Code § 4-21.5-5-1. Our Supreme Court has held that "Indiana courts have long recognized that petitioners may not use the [declaratory judgment] act to sidestep AOPA." *In re R.L.*, 246 N.E.3d 257, 264 (Ind. 2024). "'Where such an administrative remedy is readily available, filing a declaratory judgment action is not a suitable alternative.'" *Id.* (quoting *Carter v. Nugent Sand Co.*, 925 N.E.2d 356, 360 (Ind. 2010)). "Holding otherwise would gut the legislature's demand that petitioners exhaust agency remedies before going to court, and it would undermine the very litigation efficiency the exhaustion requirement seeks to advance." *Id.* Accordingly, to the extent Burke's claims could have been presented through judicial review, she cannot avoid the judicial review procedures by arguing that she presented the claim through a declaratory judgment action instead.

[32] In general, "'[a]n administrative agency has only those powers that the legislature has conferred to it, and unless we find the grant of powers and

authority in the statute, we conclude that no power exists.'" *Ind. Bd. of Pharmacy v. Elmer*, 171 N.E.3d 1045, 1052 (Ind. Ct. App. 2021) (quoting *Musgrave v. Squaw Creek Coal Co.*, 964 N.E.2d 891, 902 (Ind. Ct. App. 2012), *trans. denied*), *trans. denied*. SEAC has the statutory authorization to do the following:

> (1) **To hear or investigate those appeals from state employees as is set forth in IC 4-15-2.2-42**, and fairly and impartially render decisions as to the validity of the appeals or lack thereof. Hearings shall be conducted in accordance with IC 4-21.5.
>
> (2) To make, alter, or repeal rules by a majority vote of its members for the purpose of conducting the business of the commission, in accordance with the provisions of IC 4-22-2.
>
> (3) To recommend to the personnel director such changes, additions, or deletions to personnel policy which the appeals commission feels would be beneficial and desirable.

I.C. § 4-15-1.5-6 (emphasis added). Indiana Code Section 4-15-2.2-42(a) provides: "An employee in the state civil service system may file a complaint concerning the application of a law, rule, or policy to the complainant." *See supra* note 4 (detailing the administrative complaint procedures). SEAC is not given statutory authority to make declaratory judgment determinations.

### a. Burke's Classification

[33] Burke argues that the SPD has failed to follow its statutory duties to update the proper classifications, resulting in Burke's denial of due process. The State

contends that Burke's claims regarding her classification and the SPD Director's failure to adjust classifications were "able to be considered" through the AOPA's judicial review process. Appellees' Br. p. 26. Burke counters in her reply brief that her "request for declaratory relief surrounding classified service is immune from AOPA review and/or forfeiture." Reply Br. p. 12.

[34] In its order, SEAC determined that it was not authorized "to review how the SPD Director has allocated state employees' positions within the civil service" and that "the civil service statute does not provide the civil service complaint process as an avenue for state employees to challenge their classification in the civil service." Appellant's App. Vol. II p. 28. We, however, disagree with SEAC's determination.

[35] Under Indiana Code Section 4-15-2.2-26, the SPD Director has the authority and duty to classify civil service positions. SEAC has the authority "[t]o hear or investigate those appeals from state employees as is set forth in IC 4-15-2.2-42," I.C. § 4-15-1.5-6, and section 42 allows SEAC to consider "the application of a law, rule, or policy" to the complaining employee, I.C. § 4-15-2.2-42(a). An employee's classification involves the application of a "law, rule, or policy" to the complaining employee. As such, we conclude that SEAC has the authority to review how the SPD Director has allocated classifications. Because SEAC has this authority, this argument had to be presented through the AOPA and judicial review process. Burke cannot sidestep the judicial review process by arguing that this claim was part of her declaratory judgment claim. Burke's classification argument was properly dismissed as part of the

"Petition for Judicial Review" due to Burke's failure to file the timely agency record.

### b. Constitutional Challenge

[36] Finally, Burke argues that the 2011 Civil Service Reform Act is unconstitutional because it was enacted in violation of Article 4, Section 19 of the Indiana Constitution's Single Subject Clause. According to Burke, the Act was improperly included in a "must-pass omnibus bill entitled the 'Budget Bill.'" Appellant's Br. p. 23.

[37] The State argues that Burke's constitutional claim was able to be presented as part of the agency review but that Burke failed to present her argument to SEAC. In her reply brief, Burke argues: "Although the AOPA (I.C. § 4-21.5-5-14(d)(2)), permits judicial review of agency actions that are contrary to constitutional rights, this review is an inadequate remedy for challenging the facial validity of the enabling statute itself. A successful challenge to the constitutional validity mandates an independent Declaratory Judgment action under the UDJA (I.C. 34-14-1 et seq.)." Reply Br. p. 11. Burke argues that she is challenging "the very validity of the statute itself, not merely the agency's application of it." *Id.* at 20.

[38] Our Supreme Court has held that, "even where 'the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without

confronting broader legal issues.'" *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 982 (Ind. 2005) (quoting *Ind. Dep't. of Envtl. Mgmt. v. Twin Eagle LLC,* 798 N.E.2d 839, 844 (Ind. 2003)). The exhaustion of administrative remedies may be excused, however, "'if the exercise would be futile.'" *Id.* at 984 (quoting *M-Plan, Inc. v. Ind. Comprehensive Health Ins. Ass'n,* 809 N.E.2d 834, 839 (Ind. 2004)). "To prevail upon a claim of futility, 'one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances.'" *Id.* (quoting *M-Plan,* 809 N.E.2d at 840).

[39] The State does not dispute that SEAC lacked the authority to resolve Burke's claim that the Civil Service Reform Act is facially unconstitutional. Determining the facial constitutionality of the Civil Service Reform Act is beyond SEAC's statutory authority. *See* I.C. § 4-15-1.5-6. Accordingly, we agree that SEAC was powerless to determine whether the Civil Service Reform Act violated the Indiana Constitution, and we conclude that any requirement that Burke exhaust her administrative remedies on that issue is excused because of futility. *See, e.g.*, *Sunshine Promotions, Inc. v. Ridlen*, 483 N.E.2d 761, 764-65 (Ind. Ct. App. 1985) (holding that Sunshine Promotions was not required to exhaust its administrative remedies because it challenged the constitutionality of a statute and "[i]t is not within the province of an administrative officer to pass on the validity of a statute"), *trans. denied.* Here, Burke's facial unconstitutionality claim could not be resolved through the SEAC action; however, the request for declaratory judgment regarding the facial

unconstitutionality claim was viable in the trial court action. Accordingly, the trial court erred by dismissing that portion of Burke's "Petition for Judicial Review."

## Conclusion

We conclude that, under our notice pleading requirements, Burke's "Petition for Judicial Review" included both a petition for judicial review under AOPA and a declaratory judgment claim. Applying our Supreme Court's bright-line rule announced in *TOPS*, the trial court properly dismissed the petition for judicial review portion because Burke failed to timely file the agency record.

As for Burke's declaratory judgment claims, we conclude that Burke's classification argument was capable of being presented through the "Petition for Judicial Review." Burke cannot avoid dismissal of that claim by attempting to include that claim in the declaratory judgment action. Burke's facial constitutionality claim, however, was not capable of being resolved by SEAC, and thus, we remand for the trial court to consider that declaratory judgment claim. Accordingly, we affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

Bailey, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Shaw R. Friedman
Laura M. Nirenberg
Friedman & Associates, P.C.

ATTORNEYS FOR APPELLEES

Theodore E. Rokita
Attorney General of Indiana

Samuel J. Dayton
Supervising Deputy Attorney General
Indianapolis, Indiana